## SEAMAN *vs.* STOUGHTON and KIMBALL.

Where to a bill, by a creditor, against his debtor and the assignee of the latter, under an assignment for the benefit of creditors, praying for an account of the assigned property, and for the payment of the complainant's debt, and other debts provided for in the assignment, the assignee pleaded that the assignor, after making the assignment, presented his petition to the district court, praying that he might be declared a bankrupt pursuant to the act of congress on the subject; and that such court made a decree appointing an assignee of his estate and effects; whereby all the property assigned by the debtor to the defendant became vested in the assignee in bankruptcy; *Held* that the plea did not contain the necessary averments to show that the debtor was legally declared a bankrupt, so as to vest his property in the assignee in bankruptcy.

To show that the court had jurisdiction to proceed, upon the petition of a debtor, under the voluntary provisions of the bankrupt act, the plea setting up a discharge in bankruptcy, or a right acquired under the decree therein, should state that the petition set forth a list of the petitioner's creditors and an inventory of his property, and that such petition was duly verified. It should also distinctly appear that the bankrupt owed debts which had not been created in consequence of a defalcation as a public officer, or as an executor, administrator, guardian, or trustee, or while acting in any other fiduciary capacity.

An assignment made by a debtor, of his property, in contemplation of bankruptcy, and for the purpose of giving preferences, is not absolutely void, for all purposes ·

Seaman *v.* Stoughton.

so as to leave the title to the assigned property in the assignor, as if no assignment had been made. But it is only void as against an assignee properly appointed under the bankrupt act.

THIS case came before the chancellor upon an appeal by the defendant Stoughton from a decretal order of the vice chancellor of the first circuit, overruling a plea to the complainant's bill. The complainant was a creditor of the defendant Kimball in March, 1842, and his debt was provided for, either wholly or in part, by an assignment of the property of his debtor, to Stoughton, in trust for the payment of debts. The bill in this cause was filed by the complainant in behalf of himself and all the other creditors provided for in the assignment, for an account of the assigned property, and for the payment of their respective debts out of the same, in the manner provided for in the assignment. Kimball resided in New-York at the time of the assignment; and such assignment, which was made in March, 1842, and embraced all his property and effects, showed upon its face that at the time it was made the assignor contemplated his bankruptcy, and that his property was then insufficient to pay all his debts.

The defendant Stoughton pleaded in bar of the whole discovery and relief sought by the bill, that at the time of the assignment, in March, 1842, Kimball was hopelessly insolvent; and that such assignment was executed for the purpose of giving to certain of his creditors a preference over his general creditors; that the assignor immediately removed to the state of Massachusetts, and in August, 1842, presented his petition to the district court of that state, praying to be declared a bankrupt, pursuant to the act of congress on that subject; and that in pursuance of such petition the district court, on the 19th of October thereafter, made a decree appointing C. C. Paine of Boston assignee of the estate of Kimball; whereby, as the defendant was advised by his counsel, all the property assigned by Kimball, to the defendant Stoughton, became vested in Paine, as such assignee in bankruptcy.

---

Seaman *v.* Stoughton.

---

*F. H. Upton,* for the appellant. The assignment set forth in the bill of complaint, from Alvah Kimball to the defendant Stoughton, constituting the basis of the claim of the complainant, was utterly void under the bankrupt law of the United States; (1.) Because it was made while that law was in operation; (2.) Because it was made in contemplation of bankruptcy; and (3.) Because it was made for the purpose of giving to certain of the creditors of Kimball a preference and priority over his general creditors. The plea distinctly alleges these facts, and is therefore a good plea in bar to the bill of the complainant. (*Bankr. Law of U. S.* § 2. *Owen on Bankruptcy, app. In the matter of Lucius Eames,* 5 *Law Rep.* 117. *Ex parte Rufus Hoyt,* 1 *N. Y. Legal Obs.* 132. *Barton* v. *Tower,* 5 *Law Rep.* 214. *Gasset* v. *Morse,* 3 *N. Y. Legal Obs.* 353.)

The assignment, under which the complainant claims, being declared by the act of congress to be *utterly void,* it can have no validity whatever under the state law; which ceased to exist upon the passage of the general bankrupt law. (*Sturgis* v. *Crowninshield,* 4 *Wheat.* 122. *Ogden* v. *Saunders,* 12 *Id.* 263. *Barton* v. *Tower,* 5 *Law Rep.* 214.) The assignment is not merely voidable. It is as if it had never existed; and is without force or validity for any purpose, or between any parties. It is a mere nullity. The grantee took no property by virtue of it; and therefore cannot be compelled to answer a bill calling upon him to account for the execution of a trust which was never created. Hence the plea is a good plea in bar of this suit; and the vice chancellor erred in overruling it. (*Hone* v. *Woolsey,* 2 *Edw.* 289. *Henriques* v. *Hone, Id.* 120. *Mills* v. *Hooker,* 6 *Paige,* 577. *Mackie* v. *Cairns,* 5 *Cowen,* 564. *Grover* v. *Wakeman,* 11 *Wend.* 189.)

*S. D. Van Schaack,* for the respondent. The plea admits all the facts stated in the bill which are not denied by such plea. (*Bogardus* v. *Trinity Church,* 4 *Paige,* 178. 1 *Barb. Prac.* 120.) These facts thus admitted are, the indebtedness by Kimball, and the assignment to Stoughton; the sale of groceries, and the receipt of several thousand dollars therefor, and also

the collection of $2000 of the debts by Stoughton; that the assigned property produced more than enough to pay the preferred debts; that Stoughton has paid dividends to the amount of $450; and that he has applied the funds and property to his own use. These facts being admitted, the defendant Stoughton pleads that the creditors provided for by the assignment have no right to call him to an account. The plea sets up a mere decree for the appointment of an assignee in bankruptcy, but fails to show any accounting with that assignee; or any decree of a competent court declaring the assignment void, or otherwise invalidating it. An assignment may be void for certain purposes, and still valid as between the cestui que trust and the assignee, so as to permit the cestui que trust to enforce it in equity. (*Mills & Hooker* v. *Argall*, 6 *Paige*, 577. *Dodge* v. *Sheldon*, 6 *Hill*, 9.) Although an assignment is void at law when executed, if the proceeds have been paid over to the creditors provided for therein they cannot be reached. (*Wakeman* v. *Grover*, 4 *Paige's Rep.* 24. *Ames* v. *Blunt*, 5 *Id.* 13.) So that if the prayer of this bill be granted, Stoughton cannot be afterwards called to account by the assignee in bankruptcy for the effects paid over to us under the decree. This assignment is void only as to persons claiming in virtue of proceedings under the bankrupt act. (*Dodge* v. *Sheldon*, 6 *Hill*, 9.) The assignment is still valid between the parties to this bill, and has never been impeached, by creditors or otherwise. The assignee has received large sums of money which he has applied to his own use. He does not show, by his plea, any accounting with the assignee in bankruptcy, nor any proceeding to compel him to account. There is nothing, therefore, in this plea, that should deprive the complainant of his right to discovery and relief. The plea is also defective in not stating the necessary facts to give the United States court jurisdiction to make a decree declaring the petitioner a bankrupt.

THE CHANCELLOR. The plea in this case does not contain the necessary averments to show that the defendant, A. Kimball was legally declared a bankrupt, so as to vest the as-

signed property in C. C. Paine, the official assignee appointed by the district court. The plea merely states that the supposed bankrupt resided in the state of Massachusetts, and that he presented a petition praying that he might be declared a bankrupt, pursuant to the act. To show that the court had jurisdiction to proceed upon his petition, under the voluntary provisions of the bankrupt act, he should have stated, in the plea, that his petition set out a list of his creditors, and an inventory of his property, and that it was duly verified. It should also distinctly appear that he owed debts which had not been created in consequence of a defalcation as a public officer, or as an executor, administrator, guardian, or trustee, or while acting in any other fiduciary capacity; so as to bring him within the description of persons who were authorized, by the first section of the bankrupt act, to apply for the benefit of that act as voluntary bankrupts. (*Sackett* v. *Andross*, 6 *Hill's Rep.* 327. *Salters* v. *Tobias*, 3 *Paige's Rep.* 338.) The plea being insufficient to show that Kimball was ever legally declared a bankrupt, so as to vest any of his property in the official assignee, the question arises, whether the assignment to the appellant, for the benefit of the creditors, was absolutely void for all purposes, so as to leave the whole title to the property in the assignor, as if no assignment had ever been made; or whether it was only void as against an assignee properly appointed under the bankrupt act.

This assignment, upon its face, shows that it was made in contemplation of bankruptcy. And, as against an assignee duly appointed under the bankrupt act, or those who should claim under him, it would unquestionably be void; as a fraud upon the rights of creditors who should come in and prove their debts under the decree in bankruptcy. And as congress has the power to establish an uniform system of bankruptcy throughout the United States, I am not prepared to say it has not authority, by the constitution, to prohibit any person, who has become a bankrupt, from assigning his property for the purpose of giving a preference to one class of creditors over another, where he has not the means of paying the whole; so as to leave

Seaman *v.* Stoughton.

all his creditors to a fair race of diligence, in obtaining a priority of payment, by due course of law. Such, however, does not seem to have been the intention of the framers of the recent bankrupt law. Although the act declares all payments, assignments, securities, conveyances, and transfers of property, made or given in contemplation of bankruptcy, for the purpose of giving preferences, utterly void, the residue of the sentence shows that they are only void in reference to proceedings under the bankrupt law; instituted by the petition of the bankrupt himself, or by an application of some of his creditors. For it declares such assignments a fraud upon the act; and authorizes the assignee in bankruptcy to claim, sue for, and recover the property, as a part of the assets of the bankrupt. And it prohibits the discharge of the bankrupt who has been guilty of such a fraud in reference to the contemplated proceedings under the act.

This question was presented directly to the supreme court of this state for decision, in October, 1843, in the case of *Dodge & McClure* v. *Sheldon*, (6 *Hill's Rep.* 9 ;) and that court held that the assignment not being void by the state laws, and it not appearing that any proceedings had been instituted under the bankrupt act, while it was in existence, the assigned property was improperly seized by the sheriff, as belonging to the bankrupt, upon an execution against him. Indeed, it would be contrary to every principle of equity to permit a trustee, who has received the property of a debtor in trust to apply it to the payment of creditors, to set up the defence of fraud, in making and receiving the transfer for the benefit of such creditors, as a defence to a suit brought by them to compel a performance of the trust; without showing that the fund had been recovered from him by the parties intended to be defrauded, or even that they had ever made any claim to it.

The order appealed from must therefore be affirmed with costs. And the appellant must pay the costs of the appeal and the costs awarded by the vice chancellor, and answer the complainant's bill within the forty days allowed by the order appealed from, after service of notice of the final decree, or the bill must be taken as confessed against him.