## Case No. 1,236.

### In re BEISENTHAL et al.

[14 Blatchf. 146;[1] 15 N. B. R. 228.]

Circuit Court, N. D. New York. Feb. 24, 1877.

BANKRUPTCY—PROHIBITED TRANSFERS—VOLUNTARY ASSIGNMENT—RIGHTS OF ASSIGNEE IN BANKRUPTCY—EXECUTION CREDITOR—LIEN—FORMER JUDGMENT.

1. On the 19th of July, 1876, B. made, in New York, a valid voluntary assignment of all his property for the benefit of all his creditors, without preferences. The assignee accepted the trust and qualified. Afterwards a creditor recovered a judgment against B. in an adverse suit, on a debt existing before the assignment, and, under an execution thereon, the property covered by the assignment was levied on and taken possession of by the sheriff. Afterwards, and on the 11th of September, 1876, a petition in involuntary bankruptcy was filed against B. by creditors, other than the judgment creditor, and he was adjudged a bankrupt, and an assignee in bankruptcy was appointed. By agreement, the property was sold by the sheriff, and he held the proceeds subject to the order of the district court in bankruptcy. That court decided that the assignee in bankruptcy was entitled to such proceeds, to the exclusion of the execution creditor: *Held*, on review, that such decision was correct.

[Cited in Linder v. Lewis, 4 Fed. 319; Claridge v. Kulmer, 1 Fed. 402.]

2. The assignment was void, under the bankruptcy statute, as against the assignee in bankruptcy.

[Cited in Re Frisbee. Case No. 5,129; Re Beisenthal, Id. 1.235; Linder v. Lewis, 4 Fed. 319; Wehl v. Wald, 3 Fed. 93; Adams v. Hyams, 8 Fed. 419; Re Pitts, 9 Fed. 544; Wald v. Wehl, 6 Fed. 169.]

3. Where an assignment is void as to creditors, by reason of its being made to hinder, delay or defraud them, it does not in law oppose an obstacle to the enforcement of their legal rights.

[Cited in Re Croughwell, Case No. 3,440. See, also, In re Beisenthal, Id. 1,235.]

4. But, where such an assignment is valid as to the debtor and as to creditors, and is avoided by the assignee in bankruptcy, only as having been made in contravention of the bankruptcy statute, no right of any judgment and execution

[1][Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

creditor, intervening between the time of such assignment and the time of the filing of the petition in bankruptcy, can prevail over the superior right of the assignee in bankruptcy to the proceeds of the assigned property.

[Cited in Re Hull, Case No. 6,857; Re Steele, Id. 13,345; Linder v. Lewis, Id. 8,362; Reed v. McIntyre, 98 U. S. 513; Re Walker, Case No. 17,063; Waring v. Buchanan, Id. 17,176; Hunker v. Bing, 9 Fed. 280.]

[On appeal from the district court of the United States for the northern district of New York.

[In bankruptcy. Application by the judgment creditors of Solomon Beisenthal and Henry Henschel, bankrupts, for the review of an order (unreported) directing the sheriff to pay the proceeds of an execution sale to the assignee in bankruptcy. Order affirmed. For subsequent opinion directing the return of the proceeds to the sheriff, see In re Beisenthal, Case No. 1,235.]

Norris Morey, for assignee in bankruptcy.

Sherman S. Rogers and E. Carlton Sprague, for judgment creditors.

JOHNSON, Circuit Judge. This is an application to review the decision of the district court in bankruptcy. The material facts are, that, on the 19th of July, 1876, the now bankrupts made a voluntary assignment of all their property for the benefit of all their creditors, without preferences, and complied in respect to it, with all the provisions of the statutes of New York regulating such assignments. The assignee accepted the trust and qualified as assignee. Afterwards, creditors recovered judgments against the assignors in adverse suits, upon debts existing before the assignments, and executions were issued thereon to the sheriff of the proper county, who levied upon all the goods and merchandise covered by the assignment, and took the same into his actual possession. Afterwards, and on the 11th of September, 1876, creditors of the assignors, other than the judgment creditors, filed their petition praying that the assignors might be adjudged bankrupts. On the 26th of September, 1876, an adjudication of bankruptcy was duly had, a warrant issued, and an assignee was afterwards duly appointed and qualified. Afterwards, upon the stipulation of the parties in interest, the property levied upon was sold by the sheriff, the proceeds to be held subject to the order of the district court in bankruptcy. The questions involved were brought before the court upon motion, and, after hearing the parties interested, it was decided that the assignment, not having been made with intent to hinder, delay or defraud creditors, contrary to the laws of New York, was valid as against the execution creditors, and that they took nothing by the levy made under the executions; but that the assignment, having been made within three months before the filing of the petition against the bankrupts, was void as against the assignee in bankruptcy, and that

he, therefore, was entitled to the proceeds of the property, to the exclusion of the execution creditors' claim of priority, and it was ordered accordingly.

That such an assignment is void against the assignee in bankruptcy has been long held in the courts of the United States, in most of the circuits. It has been recently elaborately re-examined by Judge Emmons, in the sixth circuit, and his opinion is so full and able that it scarcely leaves any thing material to be added. Globe Ins. Co. v. Cleveland Ins. Co., [Case No. 5,486.] All the judges in this circuit have repeatedly so held. [See Allison v. Loveridge, recently decided by Judge Shipman, MS. Feb. 1877.][2] This view receives a strong affirmative support from the provisions of the act of July 26, 1876, (19 Stat. 102,) amending section 12 of the act of June 22, 1874, (18 Stat. 178) in amendment of the bankrupt law. That amendment provides, that no voluntary assignment by a debtor of all his property, made in good faith, for the benefit of all his creditors, ratably and without creating any preference, and valid according to the law of the state where made, shall, of itself, in the event of his being subsequently adjudicated bankrupt in involuntary bankruptcy, be a bar to the discharge of such debtor. When it is considered that the making of such assignment had been frequently held to be of itself an act of bankruptcy and to bar a discharge, the implication is irresistible, from the very narrow limitation put by this amendment upon the law as understood and administered, that, in the judgment of congress, the general interpretation of the law was correct. This amendment alters the law only in involuntary cases, and in them only in the single particular, that such an assignment, of itself, is no longer a bar to a discharge. In voluntary cases it is a bar, and in all cases it is an act of bankruptcy, and is void as against the assignee, according to the intent of congress as plainly implied from this enactment.

The general intent of the bankrupt law was not only to administer assets on the basis of equality, but to secure that result by giving to the creditors, and not to the debtor, the selection of the person to be entrusted with their administration, and to add the sanctions of the criminal laws of the United States to secure the results aimed at. To permit the administration of the assets of an insolvent and bankrupt debtor to be committed to a trustee of his choice, and thus to reduce the bankrupt law to a mere process for discharging a debtor from his debts, is quite inconsistent with any fair view of the purpose of this legislation.

Thus far the courts of the United States

---

[2] [From 15 N. B. R. 228. The case of Allison v. Loveridge is nowhere reported; opinion not now accessible.]

are in substantial agreement. Nor, so far as I am informed, is there any disagreement in regard to the next proposition. Where an assignment is void as to creditors, by reason of its being made to hinder, delay or defraud them, it does not in law oppose an obstacle to the enforcement of their legal rights. A creditor who has obtained an execution may treat such an assignment as void, and levy upon the property transferred by it. The bankrupt law does not interfere with this right, if exercised prior to the application in bankruptcy for an adjudication, and if the judgment and execution were obtained without collusion on the part of the debtor, in violation of sections 5021 and 5128 of the Revised Statutes. In the case supposed, the assignment, being fraudulent as against creditors and void, does not so transfer the property to the assignee as to obstruct their rights, although good as against the debtor himself. Their judgments are liens upon the assigned real estate, and their executions bind the personal property just as if no assignment had been made. These rights of creditors do not grow out of the bankrupt law, and in no sense depend upon it for their origin or support. The bankrupt law, under certain circumstances, defeats these rights, but never confers them.

We now come to a different case, in respect to which differences of opinion exist among the judges of the district courts, and upon the decision of which this cause depends. Here, the assignment was not made to hinder, delay or defraud creditors, and all the requirements of the laws and statutes of the state of New York had been complied with in respect to it. The title to the assigned property passed, by the assignment, to the assignee. No creditor, as such, could successfully assail it. No judgment or execution, obtained against the debtor after the assignment, could bind the property, for the plain reason that the title of the debtor was gone from him by a transfer valid against him and valid against creditors. But, under the provisions of the bankrupt acts, (Rev. St. § 5129, and Act June 22, 1874, [18 Stat. 180,] § 10,) a right was conferred upon an assignee in bankruptcy of such an assignor, to avoid such an assignment, provided it was made within six months before the filing of the petition for an adjudication of bankruptcy in a voluntary case, or within three months in an involuntary case, and provided, also, that the other requisites pointed out by the statute existed. The right thus given was to recover the property, or the value of it, as assets of the bankrupt. The title of the assignee in general relates back only to the commencement of the proceedings in bankruptcy, but, in the particular cases of transfers made void as to him, his title relates back to the time of such transfers. The substantial question is, whether, under these provisions of the law, creditors by judgment and execution obtained after the assignment, having, by reason of it, no lien upon or right in the assigned property, are to be let in to intercept, and take precedence of, the right of an assignee in bankruptcy to the property or its value, when he exercises his right to avoid the assignment and to recover the property. Upon this question the opinion and decision of Judge Wallace against the claim of the judgment creditor is given in Johnson v. Rogers, [Case No. 7,408.] In Macdonald v. Moore, [Id. 8,763,] Judge Blatchford reaches a different conclusion, and each of these learned judges has stated the arguments and considerations which led him to his conclusion. Between these conflicting views the controlling and decisive consideration seems to me to be that which Mr. Justice Story puts forward as the ground of his judgment upon a similar question under the bankrupt act of 1841, [5 Stat. 440,] in the case of Everett v. Stone, [Case No. 4,577.] He says, in substance, that the judgment creditors cannot avail themselves of a fraud under the bankrupt act, to defeat the very policy of the act itself. That policy is, equal distribution among creditors, through the agencies of the bankrupt law. To avoid the assignment as in conflict with that policy, and, as a consequence, to allow particular creditors to intercept the fruits of avoiding it, and thus prevent equal distribution, would be contradictory, and would subvert the whole laudable purpose of the bankrupt act, so far as creditors are concerned. These considerations were overlooked in McLean v. Meline, [Case No. 8,890,] where it was assumed, rather than adjudged, that, if an assignment could be avoided under the bankrupt act, the necessary consequence was that judgment creditors would be let in to claim according to their priorities, in preference over the assignee in bankruptcy.

The acts of the assignee in bankruptcy do not enure to increase the rights of the judgment and execution creditors. Dodge v. Sheldon, 6 Hill, 9; Seaman v. Stoughton, 3 Barb. Ch. 344. When the assignee recovers the property, he takes it as the debtor had it at the time of the act which the assignee avoids, so far as creditors of the debtor are concerned. Avoiding the transfer in favor of the assignee in bankruptcy does not revest the property in the debtor, but vests it directly in the assignee, who takes it by virtue of the statute. The transfer by the debtor, good against him, and good against his creditors, prevents any lien by subsequent judgment or execution. Upon the property so situated the statutory transfer to the assignee in bankruptcy operates directly, and cannot be subjected to the liens of intervening judgments and executions without overthrowing both the language and the policy of the bankrupt act in its most vital provisions. I am, therefore, of opinion that the order of the district court under review was correct, and should be affirmed.