Linder, Assignee, etc., *v.* Lewis and others.

(*District Court, S. D. New York.* August 15, 1879.

1. Equity Practice—Final Hearing—Interlocutory Orders—Revision.—At the final hearing of a cause all the previous interlocutory orders in relation to the merits are open for revision and under the control of the court.

   *Tourniquet* v. *Perkins,* 16 How. 82.

2. Assignee in Bankruptcy—Suit to Set Aside Assignment—Execution Creditors.—If an assignee in bankruptcy intends to bring suit against intervening execution creditors who have received part of the proceeds of an assigned estate, he must make them parties defendant to the suit brought against the assignee to set aside the assignment. •

3. Same—Execution Creditors—Action at Law.—In such case the assignee in bankruptcy is not compelled to bring a separate action at law to recover such proceeds of the assigned estate.

4. Same—Validity of Assignment.—In such suit the question of the validity of the assignment can be raised and determined.

5. Same—Execution Creditors—Demand.—Demand and refusal need not be averred or proved, in order to recover in such suit.

6. Assignment—Validity—Filing Schedules and Bond—Laws of New York.—The filing of schedules and bond are not essential to the validity of such assignment under the laws of New York.

7. Suit to Set Aside Assignment—Execution Creditors—Interest. In such suit interest should not be allowed against the execution creditors from the time of the levy, but only from the time suit was commenced against them.

*G. H. Yeaman,* for complainant.

*M. H. Regensberger* and *R. D. Benedict,* for defendants.

Choate, D. J. Upon the hearing of exceptions to the master's report and motion for a final decree the respondents, the sheriff, and the judgment creditors upon whose executions the property included in the voluntary assignment from the bankrupt to the respondent Lewis was seized, object to the entering of any decree against them, and claim that in the former decision of the court, in accordance with which an interlocutory decree was entered against them for an account of that part of the assigned property which came into their hands, there was error; that no case for equitable relief is

made against them. It is suggested on the part of the complainant that the proper way to raise this question is upon an application for a rehearing. The respondents have the right, on the application for a final decree, to raise the question. At the final hearing of the cause all the previous interlocutory orders in relation to the merits are open for revision and under the control of the court.

If, therefore, there has been, as is suggested, an obvious error of law in the former decision, this is a proper stage of the case for its correction, (*Tourniquet* v. *Perkins*, 16 How. 82;) and as the points now urged in favor of these respondents were not presented to the court upon the former hearing, I have carefully considered them, treating them as undetermined in the decision herein before rendered. The facts have been already stated. The sheriff levied on the property included in the voluntary assignment, and the goods were sold, and the proceeds paid over to the judgment creditors in satisfaction of their executions after the execution and delivery of the voluntary assignment, and before the filing of the original petition in bankruptcy. The suit is brought against the voluntary assignee, the sheriff, and the judgment creditors—*First*, to avoid the assignment as in contravention of the bankrupt law; and, *secondly*, to recover of the respondents the property, or the proceeds of such parts of it as they have disposed of. It has been determined in the case that the assignment was void, as against the assignee in bankruptcy, on the ground alleged in the bill, that it was made in contemplation of insolvency, with intent to defeat the operation of the bankrupt law, and it has been set aside. And it has been held that under the authority of the case of *In re Biesenthal*, 15 N. B. R. 228, the title of the assignee in bankruptcy related back to the time of the execution of the voluntary assignment, and the execution creditors took nothing by their levy.

It is now suggested that, upon this theory of the case, the only remedy of the assignee in bankruptcy is by an action at law in the nature of an action of trespass for interfering with his property, or of an action of trover for its conversion;

that such remedy is full, adequate, and complete, and that, therefore, the assignee in bankruptcy has no remedy in equity as against these respondents; that there was no ground for making them parties to a bill for setting aside the assignment; that they do not claim under the state assignee, but in hostility to him. It is further objected that no decree should be made against them, because they claim that the assignment was void under the laws of New York, and, therefore, whether it was voidable under the bankrupt law or not, there was left in the bankrupt a title which, under the laws of New York, could be reached by the levy of execution. And the particular grounds on which it is claimed that it was thus void are that at the time of the levy of the executions no schedules had been filed, and no bond given by the assignee; that this last question of the validity of the assignment under the laws of New York is one which cannot be tried in this suit, but must be tried in a suit between the state assignee and the sheriff, which suit had been commenced before this suit was commenced.

It is further insisted that this case is distinguishable from the case of *In re Biesenthal* in this respect: that in that case the property in question on which a levy had been made, part of the assigned property, had not been sold by the sheriff, but was afterwards sold, by consent of the parties in the suit, to set aside the assignment, and the proceeds deposited in the registry of the court to abide the decision of the court in that suit as to the rights of the parties; so that there was a fund in court in respect to which the court had jurisdiction to determine all rights, or that the execution creditors were parties claiming a lien and interest adverse to the complainant in respect to the very property in controversy between the assignee in bankruptcy and the state assignee in the suit brought to set aside the assignment. Whereas, in the present case, the question between the assignee in bankruptcy and the execution creditors relates, not to any specific property, part of the assigned estate, or to any proceeds of it traced and identified as such, but his claim against them is merely for money damages.

It is true that there is this distinction in the facts between this case and the case of *In re Biesenthal:* that here no part of the assigned property or of its proceeds, traced and identified as such, in the form of a particular sum of money, is shown to be in the possession of the execution creditors, but the property has been sold by the sheriff upon their procurement, and the money has, before the institution of bankruptcy proceedings, been paid to them and applied in part satisfaction of their judgments, whereby its identity, as part of the assigned estate, has been wholly lost. It is true, also, that, in levying their executions on this property as the property of the bankrupt, they have not claimed under but in hostility to the assignment. But it does not follow from these differences in the facts that the case of *In re Biesenthal* does not apply, nor that the complainant has not properly made them parties defendant to this suit, or that he has any remedy at law to recover from them the proceeds of the assigned property received by them. A voluntary assignment, made within the time before bankruptcy limited by the bankrupt law, and in violation of its provisions, is not, on that account, absolutely void. It is voidable only at the option of the assignee in bankruptcy; and the proper and only way in which he can exercise that option is by a suit in equity to set it aside. It may be for the interest of creditors, and it may be his duty, not to exercise that option; but, by neglecting to bring a suit for that purpose, to affirm it so far as he is concerned. If, therefore, this complainant had brought no suit to set aside the assignment, the defendant's levies of execution could not be impeached by him, and their title as against him would be perfect. He could not, therefore, without suit to set aside the assignment, maintain trespass or trover against them.

The answer would be complete that the assignment was voidable only, not void; that it had never been avoided; that for that purpose the state assignee must be made a party defendant; that, if avoided, it must be avoided in whole and not in part; that the assignee could not, as to that particular part of the property levied on, elect to avoid the assignment, leaving it in full force as to all the rest of the assigned

property. Nor would these respondents in such a suit be estopped to deny that the assignment was void under the bankrupt law. They might be estopped to deny that it was void under the laws of New York, because by levying on the property as the property of the debtor they affirm the invalidity of the assignment; but that invalidity is not the same sought to be established under the bankrupt law. Nor, as it seems to me, could the assignee in bankruptcy, having brought suit against the state assignee without joining these defendants and obtained a decree avoiding the assignment, then maintain an action at law against these execution creditors to recover the money paid to them out of the proceeds of the assigned property, and put in evidence his decree against the state assignee in proof of the invalidity of the assignment under the bankrupt law. They might well answer that that decree was not binding on them in respect to the part of the property received by them; that the case of the complainant against them depending upon the question whether the assignment was in fact made under the circumstances and with the intent denounced by the bankrupt law as making it voidable, that on that issue they had a right to a trial before they could be concluded by the decree.

It seems clear, therefore, that if the assignee in bankruptcy intends to bring suit against intervening execution creditors who have received part of the proceeds of the assigned estate, he must, at any rate, make them parties defendant to the suit brought against the state assignee to set aside the assignment. Is there any principle of law or equity which will compel him to bring two suits against them, first joining them as defendants in the suit to set aside the assignment, so that the determination in that question may be binding upon them, and afterwards suing them in an action at law upon the basis of that determination to recover the money? I think not. On the contrary, the general rule is that where a court of equity acquires jurisdiction for one purpose, it has the power to go on and administer complete relief.

General demurrers to the bill, for want of equity, were filed by the execution creditors, which demurrers were overruled.

I have not treated the overruling of these demurrers as conclusive on this point, because the bill alleges that these levies of execution were fraudulent and collusive, and therefore preferences under the bankrupt law; and as the ground of the demurrers was general want of equity, and not the improper joinder of causes of action or multifariousness, and no reasons were assigned by the learned judge who overruled the demurrers, his decision may possibly have been made on the averments that these levies were unlawful preferences. No proof, however, has been given to sustain these averments. There seems to be no force in the suggestion that the question whether the assignment was absolutely void by the law of New York could not be raised and tried in this suit. In fact, that defence is set up in the answer, and put in issue by the replications. It has been tried and determined adversely to the defendants. If it had been determined in their favor, it seems that they would have been entitled to a decree dismissing the bill as to them. *In re Biesenthal,* 18 N. B. R. 120.

It is further objected that the complainant is not entitled to a decree against these defendants because it is neither averred nor proved that the complainant, before suit brought, made a demand for the money now sought to be recovered, and that the defendants refused to pay it. The objection comes rather late and has no especial merit, but possibly it is open at this stage of the case. The cases, however, cited to the effect that, where a party has come lawfully to the possession of property, replevin or trover will not lie, till after a demand and refusal, do not apply to a case where, before suit brought, the defendant has actually disposed of the goods, and put it out of his power to restore them.

It is also suggested that the assignment was absolutely void, because, at the time of the levy, schedules and a bond had not been filed, as required by the laws of New York. This point seems not to have been made upon the former hearing, nor is any authority cited in support of it now. The argument against the assignment before was that it was not intended for the benefit of creditors, but was fraudulent, in

fact, between the assignors and the assignee, to hinder, delay, and defraud creditors. (See brief of complainant's counsel.) Such failure to file schedules and bond is not expressly made a condition to the assignments taking effect as a conveyance, and I do not think they are essential to the passing of the title.

I see no ground, therefore, for disturbing the former decision against these defendants, that they were liable to account for that part of the assigned property which came to their hands, and which has been shown to belong to the complainant. An exception is taken to the master's report that he should not have allowed interest. I see no reason why the defendants should not be charged with interest.

Exceptions overruled. Report confirmed, and decree for complainant therein, with costs.

---

### DECISION ON APPEAL.

*(Circuit Court, S. D. New York. June 1, 1880.)*

BLATCHFORD, C. J. All the points urged by the appellants appear to have been carefully considered by the district judge in his decision. So far as the main questions at issue are concerned, I think they were all properly disposed of except the question of interest. Keifer & Co., Leisler & Co., and the sheriff, who have appealed, and who are the only appellants, excepted to the allowance of interest, by the referee, from July 9, 1875, the date of the levy by the sheriff, on the ground that no interest should be charged against such excepting parties. I think interest should be allowed against such excepting parties only from the time the suit was commenced in the court below, but that interest should be allowed from that date as against them.

The decree should be modified in that respect, but the appellants should pay the costs of the appeal.