## W EHL *v.* WALD, Assignee, etc.

*(Circuit Court, S. D. New York.* ———, 1880.)

1. BANKRUPTCY—ASSIGNEE—PRIOR ASSIGNMENT.—An assignee in bankruptcy cannot avoid a voluntary assignment in part only.

WALLACE, D. J.   The plaintiff is the assignee of the Netters, under a voluntary general assignment, for the benefit of creditors, made December 26, 1877.   Within six months after the assignment the Netters filed their petition in bankruptcy, and were thereafter adjudicated bankrupts, and the defendant was appointed their assignee in bankruptcy.   The plaintiff, as assignee of the Netters under the voluntary assignment, and the defendant, as their assignee in bankruptcy, both made claim to a sum of money deposited with the firm of Sternberger & Co. in trust for the Netters.   The plaintiff brought this suit against Sternberger & Co. to recover the fund, and thereupon the latter obtained an order of interpleader, whereby the present defendant was brought into the action.

The present action involves the single question whether the voluntary assignee has the better title to the sum in dispute than the assignee in bankruptcy.   Undoubtedly the voluntary assignment was void at the election of the assignee in bankruptcy as a transfer in contravention of the bankrupt act.   *In re Biesenthal,* 15 N. B. R. 228; *McDonald, Assignee,* v. *Moore,* 15 N. B. R. 26; *Platt* v. *Preston,* 19 N. B. R. 241; *Belden* v. *Smith,* 16 N. B. R. 302.   But the assignee in bankruptcy has not obtained a decree setting aside the voluntary assignment; and in order to prevail here he must establish the proposition that the voluntary assignment was not merely void at his election, but so absolutely void that the plaintiff's title under it can be assailed and defeated collaterally.   No authority is cited sustaining this proposition, and it is not tenable under any reasonable construction of the bankrupt act.

The statute declares that prohibited transfers "shall be void," and that the assignee in bankruptcy "may recover the

property, or the value thereof, as assets of the bankrupt."
The assignee in bankruptcy is, therefore, authorized to ac-
quire the title to the property transferred, or sue for its value,
and for this purpose to adopt any appropriate remedy at his
election. But it cannot be doubted that he may affirm the
transfer; and in practice this is usually done by filing a bill
against the voluntary assignee for an accounting. And in
such actions the voluntary assignee is usually protected in
all payments made for the benefit of the estate. *Jones, As-
signee,* v. *Kinney et al.* 4 N. B. R. 649; *In re Cohn,* 6 N. B. R.
379; *Cragin* v. *Thompson,* 12 N. B. R. 81. These cases, and
many others that might be cited, proceed upon the theory
that the assignment is not void *ab initio,* even as against the
assignee in bankruptcy, but voidable at his election. As is
stated in *Belden* v. *Smith,* 16 N. B. R. 302, until the general
assignment shall have been set aside as void as against the
assignee in bankruptcy, the title remains in the voluntary
assignee.

It is not necessary to decide that an assignee in bank-
ruptcy does not manifest his election to treat the assignment
as void until he brings suit against the voluntary assignee to
have it declared void, and obtains a decree. It suffices to
hold that he does not do this by making claim to a part only
of the assigned property. He must elect to treat it as void
*in toto,* or not at all. He cannot elect to consider it void as
to the particular sum of money now involved, and valid as to
everything else which the voluntary assignee claims under
the assignment. Until he has elected to treat the assign-
ment as void, it is to be treated as valid; and as the title of
the voluntary assignee is first in time, he is entitled to the
sum in controversy.

The case is to be considered as though the assignee in
bankruptcy had brought an action to recover money owing to
the assignors before he has elected whether he will treat the
voluntary assignment as valid or as void. He cannot mani-
fest his election in this manner, nor can the assignment be
thus declared void collaterally.

Judgment is ordered for the plaintiff.