## Case No. 1,320.

### BENNETT et al. v. HOEFNER.

[17 Blatchf. 341.] [1]

Circuit Court, N. D. New York. Dec. 9, 1879.

#### APPEARANCE—NOTICE TO SOLICITOR.

Where the defendant in a suit in equity has appeared by a solicitor, notice of application for a decree, after an order pro confesso, must be given to such solicitor.

[Cited, but not followed, in Austin v. Riley, (8th Cir.) 55 Fed. 837.]

[In equity. Bill by Jacob B. Bennett and others against Anselm Hoefner. Defendant moves to set aside a decree for complainants. Motion granted.]

James S. Gibbs, for plaintiffs.
Osgoodby, Titus & Moot, for defendant.

WALLACE, District Judge. The motion of the defendant to set aside the decree entered at the June term of this court must be granted, because no notice of an application for such decree was given to the defendant. The order pro confesso was properly entered, but, notwithstanding that, the defendant was entitled to notice of application for the decree. Equity rule 18 provides, that, after the order pro confesso, the cause shall proceed ex parte; but this does not mean without notice to a party who has appeared in the cause. Such

party is entitled to notice, and has the right to be heard as to the form of the decree, and upon such other questions as can be presented upon the complainant's pleadings and proofs. This is the uniform construction given to the rule throughout this circuit. If this notice had been given in this cause, under rule 19 the defendant could not now be permitted to answer. As it is, the decree must be set aside. Under the circumstances, the defendant's default is excusable. An order will be entered allowing the answer filed June 14th, 1879, to stand as the answer in the cause.