### SOUTHERN PAC. R. CO. v. TEMPLE et al.

(Circuit Court, S. D. California. December 19, 1893.)

### No. 169.

EQUITY PRACTICE—DECREE PRO CONFESSO—NOTICE.

A defendant who has appeared by solicitor is entitled to notice of an application for a decree, after entry of an order pro confesso, for the purpose of being heard upon the form and extent of the decree. Thomson v. Wooster, 5 Sup. Ct. 788, 114 U. S. 104, applied.

In Equity. Bill by the Southern Pacific Railroad Company against F. P. F. Temple and others. On motion to vacate a decree pro confesso. Granted.

J. D. Redding and Creed Haymond, for complainant.

J. B. Dunlap, for defendants.

ROSS, District Judge. This suit was brought to obtain certain relief in respect to lands. All of the defendants except F. P. F. Temple and Richard Garvey, as to whom the suit was subsequently dismissed, appeared by their solicitor, who filed, on their behalf, a demurrer to the bill. The demurrer was by the court overruled on February 8, 1892, with leave to the defendants to answer within the usual time. No answer or other pleading having been filed by the defendants within such time, their default was, on application of the complainant, duly entered on April 25, 1892, and an order entered in the order book that the complainant's bill of complaint be taken pro confesso as against the defendants in default. Subsequently, to wit, on September 14, 1892, upon the application of complainant, the court entered thereon a decree pro confesso. Of the application for the decree, no notice was given to the defendants or their solicitor. And now, upon affidavits setting forth that the defendants have, and at all times have had, a meritorious defense to the suit, and setting forth that neither they nor their solicitor ever had any notice of the overruling of their demurrer to the bill, or of the entry of the order pro confesso, or of the application of the complainant for the decree pro confesso, they ask that the decree and default be vacated, and that they be permitted to answer to the merits.

By the equity rules, said the supreme court in Thomson v. Wooster, 114 U. S. 104, 5 Sup. Ct. 788—

"A decree pro confesso may be had if the defendant, on being served with process, fails to appear within the time required; or if, having appeared, he fails to plead, demur, or answer to the bill within the time limited for that purpose; or if he fails to answer after a former plea, demurrer, or answer is overruled or declared insufficient. The twelfth rule in equity prescribes the time when the subpoena shall be made returnable, and directs that 'at the bottom of the subpoena shall be placed a memorandum that the defendant is to enter his appearance in the suit in the clerk's office on or before the day at which the writ is returnable; otherwise, the bill may be taken pro confesso.' The eighteenth rule requires the defendant to file his plea, demurrer, or answer (unless he gets an enlargement of the time) on the rule day next succeeding that of entering his appearance; and in default thereof the plaintiff may, at his election, enter an order (as of course) in the order book that the bill be taken pro confesso, and thereupon the cause shall be proceeded in ex parte, and the matter of the bill may be decreed by the court at any time after the expiration of thirty days from the entry of said order, if the same can be done without an answer, and is proper to be decreed; or the plaintiff, if he requires any discovery or answer to enable him to obtain a proper decree, shall be entitled to process of attachment against the defendant to compel an answer, etc. And the nineteenth rule declares that the decree rendered upon a bill taken pro confesso shall be deemed absolute, unless the court shall at the same term set aside the same, or enlarge the time for filing the answer, upon cause shown, upon motion and affidavit of the defendant.

"It is thus seen that, by our practice, a decree pro confesso is not a decree as of course according to the prayer of the bill, nor merely such as the complainant chooses to take it; but that it is made (or should be made) by the court, according to what is proper to be decreed upon the statements of the bill, assumed to be true. This gives it the greater solemnity, and accords with the English practice, as well as that of New York. Chancellor Kent, quoting Lord Eldon, says: 'Where the bill is thus taken pro confesso, and the cause is set down for hearing, the course (says Lord Eldon, in Geary v. Sheridan, 8 Ves. 192) is for the court to hear the pleadings, and itself to pronounce the decree, and not to permit the plaintiff to take, at his own discretion, such a decree as he could abide by, as in the case of default by the defendant at the hearing.' Rose v. Woodruff, 4 Johns. Ch. 547, 548. Our rules do not require the cause to be set down for hearing at a regular term, but, after the entry of the order to take the bill pro confesso, the eighteenth rule declares that thereupon the cause shall be proceeded in ex parte, and the matter of the bill may be decreed by the court at any time after the expiration of thirty days from the entry of such order, if it can be done without answer, and is proper to be decreed. This language shows that the matter of the bill ought at least to be opened and explained to the court when the decree is applied for, so that the court may see that the decree is a proper one. The binding character of the decree, as declared in rule 19, renders it proper that this degree of precaution should be taken."

This being so, it results, I think, that the defendant who has appeared by his solicitor to the bill is entitled to notice of the application for a decree pro confesso. In Thomson v. Wooster, supra, such notice was given; and in Bennett v. Hoefner, 17 Blatchf. 341, it was held that a party who has appeared by a solicitor is of right entitled to notice of application for a decree after an order pro confesso, and has the right to be heard as to the form of the decree, and upon such other questions as can be presented upon the complainant's pleadings and proof; this, obviously, to the end that the decree be not allowed to go beyond the case made by the bill, and such proofs as the complainant may make.

It results that the decree must be vacated. I am further of opinion, in view of the affidavits, that the ends of justice will be best attained by setting aside the default, and permitting an answer to be filed, so that the cause may be determined on its merits. An order to that effect will be entered.