DAVIS et al. v. GARRETT.

(Circuit Court, D. New Jersey. April 9, 1907.)

PATENTS—SUIT IN EQUITY TO OBTAIN PATENT—PROCEDURE ON DEFAULT.

In a suit in a Circuit Court under Rev. St. § 4915 [U. S. Comp. St. 1901, p. 3392], to obtain a patent, application for which has been refused by the Patent Office and the appellate tribunal, the complainant is not entitled to a decree adjudging his right to a patent as a matter of course on default by the defendant, but must establish such right, including the patentability of his alleged invention by proofs, and where the defendant

has entered an appearance, although in default for want of pleading, he is entitled to notice before final decree is entered.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, § 166.]

In Equity. On application for final decree.

Melville Church, for complainants.

LANNING, District Judge. The bill of complaint in this cause is filed under the provisions of section 4915 of the Revised Statutes [U. S. Comp. St. 1901, p. 3392]. The defendant has entered appearance, but has not answered the bill. On December 26, 1906, an order that the bill be taken pro confesso was entered under the provisions of equity rule No. 18. Application is now made by the complainants for a final decree. Section 4915 is as follows:

"Whenever a patent on application is refused, either by the Commissioner of Patents or by the Supreme Court of the District of Columbia upon appeal from the Commissioner, the applicant may have remedy by bill in equity; and the court having cognizance thereof, on notice to adverse parties and other due proceedings had, may adjudge that such applicant is entitled, according to law, to receive a patent for his invention, as specified in his claim, or for any part thereof, as the facts in the case may appear. And such adjudication, if it be in favor of the right of the applicant, shall authorize the Commissioner to issue such patent on the applicant filing in the Patent Office a copy of the adjudication, and otherwise complying with the requirements of law. In all cases, where there is no opposing party, a copy of the bill shall be served on the Commissioner; and all the expense of the proceeding shall be paid by the applicant, whether the final decision is in his favor or not."

The question now presented for consideration relates to the practice that should be observed where no answer has been filed to such a bill. The court is asked, as the designated agent of the government, to grant to the complainants a monopoly of an invention by authorizing the Commissioner of Patents to issue a patent for the invention described in the bill of complaint. The case is therefore not like an ordinary suit in equity between private parties. The government itself has an interest in the suit, and it is the duty of the court to pass upon the merits of the application, and not to give to the complainants, as a mere matter of course, the decree for which they pray. That this is so seems clear from the reasoning of the Supreme Court in the case of Hill v. Wooster, 132 U. S. 694, 10 Sup. Ct. 228, 33 L. Ed. 502. In that case issue was joined, voluminous proofs were taken, and the complainant received a decree in his favor adjudging that he was entitled to receive a patent for the invention described in his application, notwithstanding the contrary conclusions reached in interference proceedings before the examiner of interferences, the examiners in chief, and the Commissioner of Patents. It seems that the only question considered by the Circuit Court related to priority of invention as between the parties to the interference proceedings, but the Supreme Court said:

"The provision of section 4915 is that the Circuit Court may adjudge that the applicant 'is entitled, according to law, to receive a patent for his invention, as specified in his claim, or for any part thereof, as the facts in the case may appear,' and that, if the adjudication is in favor of the right of the applicant, it shall authorize the Commissioner to issue the patent. It necessarily follows that no adjudication can be made in favor of the applicant unless the al-

leged invention for which a patent is sought is a patentable invention. The litigation between the parties on this bill cannot be concluded by solely determining an issue as to which of them in fact first made a cabinet creamery. A determination of that issue alone in favor of the applicant, carrying with it, as it does, authority to the Commissioner to issue a patent to him for the claims in interference, would necessarily give the sanction of the court to the patentability of the invention involved. The parties to the present suit appear to have been willing to ignore the question as to patentability in the present case, and to have litigated merely the question of priority of invention, on the assumption that the invention was patentable. But neither the circuit court nor this court can overlook the question of patentability."

The court then examined the claims set forth in the complainant's bill and adjudged that the decree of the Circuit Court should be reversed on the ground that there was no patentable invention in what the complainant had set up in his bill. Gandy v. Marble, 122 U. S. 432, 7 Sup. Ct. 1290, 30 L. Ed. 1223, is also a case in which a bill was filed under section 4915. The defendants were the Secretary of the Interior and the Commissioner of Patents. Neither of the defendants appeared. Their default was entered, and full proofs, including a copy of the proceedings in the Patent Office, were thereafter taken. This seems to indicate the correct practice, for, as was said in that case, although "the proceeding by bill in equity, under section 4915, on the refusal to grant an application for a patent, intends a suit according to the ordinary course of equity practice and procedure, and is not a technical appeal from the Patent Office, nor confined to the case as made in the record of that office, but is prepared and heard upon all competent evidence adduced and upon the whole merits, yet the proceeding is, in fact, and necessarily, a part of the application for the patent." And in Morgan v. Daniels, 153 U. S. 124, 14 Sup. Ct. 772, 38 L. Ed. 657, in a proceeding brought under section 4915, it was further said:

"But this is something more than a mere appeal. It is an application to the court to set aside the action of one of the executive departments of the government. The one charged with the administration of the patent system had finished its investigations and made its determination with respect to the question of priority of invention. That determination gave to the defendant the exclusive rights of a patentee. A new proceeding is instituted in the courts— a proceeding to set aside the conclusions reached by the administrative department, and to give to the plaintiff the rights there awarded to the defendant. It is something in the nature of a suit to set aside a judgment, and as such is not to be sustained by a mere preponderance of evidence. Butler v. Shaw (C. C.) 21 Fed. 321, 327. It is a controversy between two individuals over a question of fact which has once been settled by a special tribunal, intrusted with full power in the premises. As such it might be well argued, were it not for the terms of this statute, that the decision of the Patent Office was a finality upon every matter of fact. * * * Upon principle and authority, therefore, it must be laid down as a rule that, where the question decided in the Patent Office is one between contesting parties as to priority of invention, the decision there made must be accepted as controlling upon that question of fact in any subsequent suit between the same parties, unless the contrary is established by testimony which in character and amount carries thorough conviction."

These authorities make it clear, I think, that before granting a final decree I should have before me a copy of the proceedings in the interference cases, with any other competent evidence the complainants may

wish to offer. And after the proofs shall have been taken and the complainants are ready to apply for a final decree the defendant, since he has entered appearance, will be entitled to not'ce for the reason that he is entitled to be heard concerning the form of the decree. Southern Pacific R. Co. v. Temple (C. C.) 59 Fed. 17.

An order will be made referring the cause to a master to take proofs.