D. & W. FUSE CO. v. TRUMBULL ELECTRIC MFG. CO. (SACHS CO., Intervener).

(Circuit Court, S. D. New York. December 17, 1910.)

EQUITY (§ 419*)—DECREE PRO CONFESSO—DEFAULT—RIGHT TO ANSWER.

Complainant filed a bill for patent infringement against the T. Co., which was only the seller of the article complained of, and, it having appeared, a pro confesso was taken against it for failure to plead. The S. Co., by which the article was manufactured, was permitted to intervene and defend, by a stipulation that proceedings against the T. Co. would be stayed pending a determination of the S. Co.'s defense. The T. Co. was not a party to this agreement, and, the S. Co. becoming a bankrupt, a decree was assented to in favor of complainants against it, whereupon

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

complainant applied for final decree against the T. Co. *Held*, that the T. Co., having relied on the S. Co.'s defending the suit, would not be deprived of any defense it might have by the S. Co.'s failure to do so, and was therefore entitled to leave to answer on terms.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 972-985; Dec. Dig. § 419.*]

In Equity. Suit by the D. & W. Fuse Company against the Trumbull Electric Manufacturing Company; the Sachs Company, intervening. Application for a decree absolute on a bill taken pro confesso. Denied conditionally.

Ralph L. Scott, for complainant.

Raymond G. Guernsey, for defendant.

Bartlett, Brownell & Mitchell, for intervener Sachs Co.

WARD, Circuit Judge. This is an application for a decree absolute upon a bill which has been taken pro confesso.

Judge Wallace held, in Bennett v. Hoefner, 17 Blatchf. 341, Fed. Cas. No. 1,320, that, notwithstanding the provision of Supreme Court equity rule 18 that after the bill is taken pro confesso the case may be proceeded in ex parte, a defendant who had appeared was entitled to notice of entry of decree absolute. Obviously this is to give him an opportunity to ask for any relief he may think himself entitled to.

The bill in this case was filed June 5, 1908, against the Trumbull Company, which entered its appearance July 6, 1908, and, not having filed a plea, demurrer, or answer by the next rule day, was taken pro confesso August 4, 1908.

The Trumbull Company was only the seller of the articles complained of in the bill as infringements, and September 16, 1908, a stipulation was entered into between the complainant and the Sachs Company, the manufacturer, permitting the Sachs Company to intervene and defend, and providing that proceedings against the Trumbull Company should be stayed and await the result of the defense of the Sachs Company. The Trumbull Company was no party to this agreement. November 9, 1910, after proofs had been taken on behalf of the complainant and of the Sachs Company, the latter, having gone into the hands of a receiver, consented to a final decree in favor of the complainant.

It is quite clear that the Trumbull Company was relying on the Sachs Company to defend the suit, and it should not be deprived of any defense it has by the failure of the Sachs Company to do so. Upon condition that it stipulate that testimony taken on behalf of the complainant as against the Sachs Company may be used against it, and upon payment of $50 to the complainant, the Trumbull Company may, within 20 days after service of a copy of order hereunder, plead, demur, or answer to the bill; otherwise, a decree absolute will be entered against it.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes