57 U.S. 82
 16 How. 82
 14 L.Ed. 854
 EDWARD P. FOURNIQUET AND WIFE, AND MARTIN W. EWING
AND WIFE, APPELLANTS,
v.
JOHN PERKINS.
 December Term, 1853
 
 THIS was an appeal from the Circuit Court of the United States for the Eastern District of Louisiana.
 The controversy between the parties had been at several different times, in various shapes before this court, as will be seen by reference to 6 Howard, 206, 7 Howard, 160, and 14 Howard, 313.
 The case in 6 Howard was this: The Circuit Court had decreed, on the 12th of April, 1847, that a community of acquests and gains had existed between Perkins and wife, during the marriage, and that the present appellants, representing Mrs. Perkins, were entitled to an account. Accordingly, the matter was referred to a master to ascertain the landed property, and to divide it and report an account. This was held by this court to be an interlocutory order only, and not a final decree, and the appeal was dismissed. 6 Howard, 208. The mandate sent from this court, after reciting the decree or order appealed from, and the reference to a master, concluded thus: 'You therefore are hereby commanded that such further proceedings be had in said cause as, according to right and justice and the laws of the United States, ought to be had, the said appeal notwithstanding.'
 
 
 1
 Under this mandate the master took up the reference, and made a report awarding a large sum of money and a large amount of land to Fourniquet and wife and Ewing and wife. Both parties filed exceptions to the report. These exceptions were before the court, upon argument, in February and March, 1852.
 
 
 2
 In the mean time, viz. at January term, 1849, the case of Fourniquet et al. v. Perkins was decided by this court as reported in 7 Howard, 160. The Circuit Court appeared to consider this case as deciding the points involved in a different way from that in which it had itself decided them when referring the case to a master to state an account. Upon hearing the exceptions, it therefore reversed the former decree, and dismissed the bill.
 
 
 3
 The complainants appealed to this court.
 
 
 4
 It may be proper to mention that whilst this appeal was pending another branch of the case reached this court, which is reported in 14 Howard, 313.
 
 
 5
 The appeal was argued by Mr. Henderson, for the appellants, and by Mr. Benjamin and Mr. Johnson, for the appellee.
 
 
 6
 Mr. Henderson contended that it was entirely irregular to dismis the bill, when the only point before the court was the exceptions to the master's report: and that, even if such an order was proper at such a time, still the reasons upon which it was founded, were insufficient. He then proceeded to distinguish the case from that in 7 Howard, and went into a minute examination of it upon the merits. The first proposition is the only one which it is thought necessary to insert in this report, namely:
 
 
 7
 We concede the point as not debatable, that an interlocutory decree, before enrolment, or before sanctioned on appeal, (where appealable,) continues subject to the chancellor's power, to review, amend, or set aside, at any time before final decree.
 
 
 8
 But a rightful power must be rightly exercised, or the power becomes usurpation.
 
 
 9
 Now the exceptions only were at hearing before the court. (See Ch. R. 83.) This 'decretal order' had been enrolled, Rule 85. See 1 Vez. R. 93; 1 Stark. Ev. 245.
 
 
 10
 The case, therefore, was in no attitude for a rehearing to be entertained, certainly not at that time.
 
 
 11
 But a rehearing cannot be granted except on petition. 11 Ves. 602; Stor. Eq. Pl., § 426 and n.; 17 Ves. 178; 19 Ch. R. 201; 3 Ed. Ch. 479, 480; 7 Paige, 382; Walk. Ch. R. 356; 2 Haywood's R. 175; 1 Paige's Ch. 39; 2 Hill, 156; and Ch. Rule 88.
 
 
 12
 And as one petition for a rehearing was overruled in 1847, this is a reason why a rehearing should not have been entertained again, especially for the same cause. 16 Ves. 214; 3 Ed. Ch. 479, 480; Walk. Ch. R. 309.
 
 
 13
 Especially shall not a rehearing be allowed after the party has proceeded to take an account before the master. 3 J. Ch. R. 365, 366; 11 Ves. 602; 3 Barb. S. C. R. 232.
 
 
 14
 The case of Consequa v. Fanning, 3 J. Ch. 364, is not dissimilar to the case before the court, as it was there a decretal order to account, and the defendants had attended the master; and after report returned, filed petition for rehearing. It was granted, but on stringent terms. See the case.
 
 
 15
 The case of Hunter v. Carmichael, 12 Sm. & M. Miss. Rep. 726, is very like the present case, though less objectionable, where the chancellor set aside an interlocutory decree (but did not dismiss the bill) without motion, petition, or other cause assigned, or appearing on record. The case is carefully considered by the Supreme Court, with its accustomed ability. In their opinion, they say:
 
 
 16
 'The order seems without any foundation to support it. No petition is filed, no proofs exhibited, no ground laid, no reasons assigned, no excuse offered for delay, no cause of any kind shown. This seems to us not the exercise of a 'sound judicial discretion,' but the exertion of power without legal warrant. If this order be sustained, then the rights of the parties, in some degree, rest not upon fixed and established rules of law, but upon the varying opinions of the court. The parties could not know on what to repose, and certain reliance on judicial proceedings would be greatly diminished. We do not mean to say it is not in the power of the Chancery Court to set aside an interlocutory decree, but only that some cause must be shown sufficient to authorize the act. Where there is error upon the face of the decree, or report under it, that is in itself sufficient ground for the court to act on. But no such error appears in this case. . . .. The order setting aside the interlocutory decree without cause, is erroneous. It is therefore reversed, and cause remanded for further proceedings.'
 
 
 17
 A very similar case is that of Moore v. Hilton, 12 Leigh's Rep. 30. The court say that where new evidence is brought forward as a ground to change an interlocutory decree, the application must be made on motion, or notice to rehear the cause on the new evidence, or by petition for rehearing.
 
 
 18
 The counsel for the defendant in error replied to this argument.
 
 
 19
 The counsel for appellants concedes that an interlocutory decree continues subject to the chancellor's power to review, amend, or set aside, at any time before final decree; but he urges that the power must be rightfully exercised, or it becomes usurpation.
 
 
 20
 Taking the position of the counsel as correct, the question recurs, whether this power was rightfully exercised; and on his own statement, connected with the record, it appears that the court heard his argument on the merits, and became satisfied on a review of its opinion, and on the authority of two cases decided since the interlocutory decree was rendered, that it had erred in its construction of the releases, and its decision on their effect as a legal bar to the complainants' demand, and therefore corrected its error and dismissed the complainants' bill. In this view of the merits, the court below has since been sustained by the opinion of this court in 14 Howard. If appellants' position be sustained, it would now be necessary to reverse the final decree of the lower court, and to send the case back with directions to carry out the erroneous interlocutory decree to an erroneous final decree, in order that this court might then reverse the erroneous final decree rendered in accordance with its own mandate, and restore the final decree which it had previously reversed.
 
 
 21
 The complainants' brief, after urging the irregularity of the action of the lower court in reversing its interlocutory decree, is confined to reiterating the argument and authorities already adduced in the case decided in 14 How. As the court has already passed judgment on the subject, we respectfully refer to the argument for defendant, and the decision in that cause, as conclusive of the present controversy.
 
 
 22
 Mr. Chief Justice TANEY delivered the opinion of the court.
 
 
 23
 This case came before the court some years ago, on an appeal from an interlocutory order of the Circuit Court, which stated that the appellants were entitled to recover certain claims set out in their bill, and directed an account to be taken by the master. It is reported 6 How. 206. The appeal was dismissed, upon the ground that an appeal would not lie from an interlocutory order, and the case was remanded to the court below, with directions to proceed to a final decree. Upon receiving this mandate the Circuit Court proceeded to take the account upon the principles stated in its interlocutory order; and when the report of the master came in, exceptions were taken to it on both sides. At the argument of these exceptions, it appears that the court reconsidered the opinion it had expressed on the merits in the interlocutory order; and believing that opinion to be incorrect, dismissed the complainants' bill. The case now before us is an appeal from that decree.
 
 
 24
 The decree is undoubtedly right. For it conforms to the opinions expressed by this court in relation to the matters now in controversy in the case between Fourniquet and wife and the present appellee, reported 7 How. 160; and again in the case between these appellants and Perkins the appellee, in the case reported in 14 How. 313. It is unnecessary to state here the facts in the present case, or the matters in dispute, as they are fully set out in the cases referred to; and especially in the one last mentioned. For, in that case, the parties and the matters in dispute were the same with those now before the court.
 
 
 25
 The counsel for the appellants however objects to the decree of dismissal, because it was made, at the argument upon the exceptions to the master's report, and is contrary to the opinion on the merits expressed by the court in its interlocutory order.
 
 
 26
 But this objection cannot be maintained. The case was at final hearing at the argument upon the exceptions; and all of the previous interlocutory orders in relation to the merits, were open for revision, and under the control of the court. This court so decided when the former appeal hereinbefore mentioned, was dismissed for want of jurisdiction. And if the court below, upon further reflection or examination, changed its opinion, after passing the order, or found that it was in conflict with the decision of this court, it was its duty to correct the error. The Circuit Court on this occasion has properly done so, and the decree of dismissal must be affirmed with costs.
 
 Order.
 
 27
 This cause came on to be heard, on the transcript of the record, from the Circuit Court of the United States, for the Eastern District of Louisiana, and was argued by counsel. On consideration whereof, it is now here ordered, adjudged, and decreed, by this court, that the decree of the said Circuit Court in this cause, be and the same is hereby affirmed with costs.