*Johnston v. Hanner.*

ANDREW JOHNSTON *v.* JOHN W. HANNER *et als.*

CHANCERY PRACTICE. *Bill of review. Receiver.* A bill of review will not
lie to revise an order of court appointing a receiver.

FROM WILLIAMSON.

Appeal from the Chancery Court at Franklin. W.
S. FLEMING, Ch.

EWING & WALLACE for complainant.

D. CAMPBELL for defendants.

Johnston *v.* Hanner.

COOPER, J,. delivered the opinion of the court.

This was a bill of review which the Chancellor dismissed, and the complainant appealed.

The defendants, four in number, were judgment creditors of the complainant by separate judgments, and, upon the return of execution *nulla bona,* each filed a separate bill to subject to the satisfaction of his judgment the equity of redemption. of the complainant in a tract of land conveyed by him in mortgage to secure another creditor. Pending the litigation, the creditors all joined in a petition to have a receiver appointed of the property sought to be reached, which was then in possession of the mortgagor, upon the ground that the debtor's interest therein would be inadequate to meet their demands, and that the rents would be required for that purpose. For some reason the Chancellor, instead of acting upon the application summarily as he might have done, saw proper to direct the petition to be filed, and subpœna to issue thereon, to operate, upon service, as notice to the debtor of the application. At the ensuing term of the court, and after service of the subpœna, the court, upon motion of the creditors in their several causes, and reciting that it appeared to its satisfaction "that these are fit and proper cases for the appointment of a receiver," appointed the Clerk and Master receiver of the land in controversy, with power to take possession and rent the same, "without prejudice to the rights of any of the parties to these suits, complainants or defendants." Under this order the complain-

ant became the tenant of the receiver by executing his note for rent on the 10th of October, 1873. This bill was filed on the 20th of March, 1874, to review and reverse the order appointing the receiver.

It seems to have been held that a bill of review will only lie in this country after a final decree, and not upon an interlocutory decree. *Jenkins* v. *Elredge,* 3 Sto., 299; *Banks* v. *Anderson,* 2 Hen. & M., 20; *Whiting* v. *Bank of United States,* 13 Pet., 6. The reason given is, that an interlocutory decree may be corrected on the final hearing, which seems to be true in the United States courts, and, perhaps, in the courts of some of the States. *Fourniquet* v. *Perkins,* 16 How., 82. It is otherwise in this State. *Meek* v. *Mathis,* 1 Heis., 537. A better reason, based upon our practice, is given by Mr. Hicks, for the rule that a bill of review will not lie with us from an interlocutory order, and that is, that a bill of review is in the nature of a writ of error, and as a writ of error will not lie, under our practice, from an interlocutory decree as a matter of right, neither will a bill of review. 1 Hicks. Man. of Ch. Pr., p. 424. And, manifestly, it would be contrary to the spirit of our legislation, which limits the correction of errors until after the rendition of a final decree with a view to restrain litigation, to allow any error in the progress of a suit in equity to form the basis of an independent bill of review.

But the order sought to be reviewed in this case is not an interlocutory decree in the usual sense of those terms, and upon which a bill of review would

lie under any system, for it does not undertake to settle rights. The appointment of a receiver, as this court has recently said, is, ordinarily, in the nature of extraordinary process, for it neither settles nor prejudices rights, and is only resorted to for the purpose of preserving the property in controversy, pending the litigation, for the benefit of the successful party. *Baird* v. *Cumberland & Stones River T. P. Co.*, 1 Lea, 394. All of our Circuit Judges and Chancellors are, by statute, authorized to make such an appointment in vacation as well as in term time. Code, secs. 3948, 4452. Such an appointment is, therefore, clearly within the competency of the court, and an order in term making the appointment cannot be revised by this court by a *supersedeas* under the Code, sec. 3933. *Bramley* v. *Tyree*, 1 Lea, 531. Nor, *a fortiori*, a fiat making the appointment at chambers. *Hamilton* v. *Wynne*, at Nashville, February, 1879. It would be a curious state of the law, if that which could not be done directly by appeal or *supersedeas*, might yet be accomplished indirectly by the circuitous and expensive mode of a bill of review. Had the appointment of the receiver in this instance been made at chambers, as it might have been, the idea of a bill of review to revise the fiat would probably never have occurred to any one. The fact that it was accomplished by an order made in term, and entered on the minutes, does not change its nature. As well might a bill of review be brought to reverse an order granting or dissolving an injunction. Such orders, unlike interlocutory decrees, are open to revision by the court which makes them. If,

in this case, the appointment of a receiver has been improvidently made, the complainant's rent notes, or the rents of his land will be adjudged to him on final hearing.

The decree of the Chancellor dismissing the bill will be affirmed with costs.