CARSTAIRS and others *v.* MECHANICS' & TRADERS' INS. CO. OF NEW YORK.

*(Circuit Court, D. Maryland.* October 13, 1882.)

SERVICE OF PROCESS ON FOREIGN INSURANCE COMPANY.

The Maryland legislature having required every foreign insurance company doing business in that state to execute a power of attorney appointing an agent upon whom process might be served, to have the same effect as if served on the company, and by the act defining " process " to be any writ issued upon any action by any court, *held*, that a foreign insurance company, having executed such a power of attorney, has agreed to be "found" in the state as fully as if it were a domestic corporation ; and that service of process of the United States circuit court on such an agent is valid, notwithstanding the suit may be upon a cause of action of which the state courts could not take jurisdiction, because of an act of the legislature restricting their jurisdiction, in suits against foreign corporations, to cases where the plaintiff is a citizen, or the cause of action has arisen within the state.

*John H. Thomas*, for plaintiffs.

*John S. Tyson*, for defendant.

MORRIS, D. J. The defendant moves the court to dismiss this suit because the defendant, at the time of the alleged service of process, was not found in this district, and because the service of process on Henry Tolle was not a lawful service on the defendant corporation. The plaintiffs are citizens and residents of Pennsylvania, and the defendant is a corporation of the state of New York, and the policy of insurance, which is the cause of action, was not executed or delivered in Maryland. Before the issuing of the policy sued on, the defendant corporation, for the purpose of being authorized under the laws of Maryland to take risks and transact the business of insurance in this state, executed and filed with the insurance commissioner of Maryland a power of attorney to Henry Tolle, a citizen and resident of Maryland, in compliance with the provisions of article 42, § 4, of the Maryland Revised Code, regulating insurance companies. This

section of the Maryland Code prescribes the conditions to be complied with by foreign insurance companies doing business in this state, and among other conditions it enacts that—

"It shall not be lawful for any insurance company * * * of any other state * * * to transact any business of insurance in this state * * * until the following conditions have been fully complied with: There must be filed with the insurance commissioner * * * a power of attorney appointing a citizen of this state, resident within the state, the agent or attorney for the said company, upon whom process of law can be served; * * * and said * * * power of attorney shall stipulate and agree, on the part of the company making the same, that any lawful process against said company, which is served on such agent, shall be of the same legal force and validity as if served on such company within this state. * * * The term 'process,' used above, shall be held to include any writ, summons, or order whereby any action, suit, or proceeding shall be commenced, or which shall be issued in or upon any action, suit, or proceeding by any court officer or magistrate."

There is another section of the Maryland Code contained in the article relating to corporations, (article 67, § 36,) by which it is provided that suits against any foreign corporation doing business in the state may be brought in the state courts by a resident of the state, for any cause of action, and by a plaintiff not a resident of the state where the cause of action has arisen or the subject-matter of the action shall be situate in the state. The defendant now contends, in support of its motion, that the agent appointed by the above-mentioned power of attorney executed by it was not authorized to accept service of process in this case because the cause of action is not one which could have been sued on in the state courts. In this court there is no question of jurisdiction, either as to the subject-matter of the suit or the parties, provided the defendant, which is a New York corporation, was "found" in this district at the time of serving the writ.

In *Lafayette Ins. Co.* v. *French,* 18 How. 407, it is said:

"A corporation may sue in a foreign state by its attorney there, and if it fails in the suit be subject to judgment for costs. And so, if a corporation, though of Indiana, should appoint an attorney to appear in an action brought in Ohio, and the attorney should appear, the court would have jurisdiction to render a judgment in all respects as obligatory as if the defendants were within the state. The inquiry is not whether the defendant was personally within the state, but whether he, or some one authorized to act for him in reference to the suit, had notice and appeared, or, if he did not appear, whether he was bound to appear or suffer a judgment by default."

In the leading case, *Ex parte Schollenberger,* 96 U. S. 369, under a Pennsylvania statute similar, but not nearly so broad in its terms as the Maryland act relating to insurance companies, the supreme

court held the foreign corporation must be considered to have consented to be found within that state, and that process from the United States circuit court, served according to the mode adopted by the state statute, gave the circuit court jurisdiction. In that case the cause of action was one of which the state courts of Pennsylvania would also have had jurisdiction, and it must be conceded that this case cannot be distinguished from it unless by the fact that the cause of action here is one which the state courts of Maryland could not entertain.

It is urged that, as the defendant executed the power of attorney to Henry Tolle in compliance with the state law, it is to be treated, notwithstanding its very broad terms, as an authority to accept process of service only in such cases as by the state law the state courts have jurisdiction of, and that to hold otherwise would be to extend his powers beyond the authority which it is fair to presume the legislature intended should be conferred upon him. I am not convinced that either the language of the letter of attorney or the intent of any of the legislative enactments justifies this contention. It is to be noticed that the two enactments—the one requiring the appointment by foreign insurance companies of an agent by letter of attorney, and the other restricting the causes of action upon which suits may be brought against any foreign corporations in the state courts—are not in any way parts of one general scheme of legislation, or in any way necessarily connected with each other. The Maryland court of appeals, construing these statutes, has held that the restriction as to the subject-matter of the suits which may be brought in the state courts has nothing to do with the power of attorney or the service of process, because the restriction is upon the jurisdiction of the court; and where the restriction applies, even if the foreign corporation should waive all question of service of process, the state court would have no jurisdiction. *Myer* v. *Ins. Co.* 40 Md. 601; *Cromwell* v. *Ins. Co.* 49 Md. 382.

The language of the letter of attorney is as broad and unrestricted as it is possible to make it. By it the corporation agrees that any lawful process served on the agent therein named shall be of the same legal force and validity as if served on the company itself, and it is expressly enacted that the term "process" shall include any writ which shall be issued in or upon *any action*, suit, or proceeding by *any* court, officer, or magistrate. It would appear to have been the intention of the legislature to require foreign insurance companies doing business in the state to consent to be "found" therein, as

fully as any company incorporated under its own laws, and to leave all courts within the state with just such jurisdiction in respect to suits against them as by any statutes applicable to such courts they might respectively exercise. If the legislature should at any time repeal these restrictions upon the state courts the service of their process would certainly be good, notwithstanding the enlarged jurisdiction, and the corporation would not be heard to say that these letters of attorney, although executed before the repeal, had reference only to such suits as might have been instituted when they were executed. The purpose of the legislature in restricting the state courts was, doubtless, to spare the state and its courts the expense and burden of litigation to which its own citizens were not parties, or which had not arisen within its limits, and this purpose it accomplished by limiting the jurisdiction of the state courts, and not by limiting the authority of the attorney required to be appointed to accept service of process.

The question to be now decided is, it seems to me, reduced to this: Is it inconsistent with public policy, or an unreasonable condition to be imposed upon a foreign corporation, that it should be required by a state law, before it is permitted to transact business within the state, to appoint an attorney to accept service of process from all courts within the state in suits founded upon causes of action of every nature whatsoever, whether instituted by citizens or not, or arising within the state or not? Undoubtedly, there may arise hardship from requiring a corporation to submit to a condition which renders it liable to be sued at the caprice of a non-resident plaintiff in any of the United States in which an agent so empowered may be found, but every natural person who journeys through these states is liable to a similar hardship, and I am not persuaded that the hardship is likely to be so great that such a condition is to be pronounced unreasonable, or that any rule of public policy forbids it. *Merchants' Manuf'g Co.* v. *Grand Trunk R. R.* 13 FED. REP. 358; *Mohr* v. *Ins. Co.* 12 FED. REP. 474; *Brownell* v. *Troy & Burton R. R.* 3 FED. REP. 761; *Moch* v. *Virginia Fire Ins. Co.* 10 FED. REP. 700; *Grover* v. *American Ex. Co.* 11 FED. REP. 386.

Motion denied.

See *ante*, note, 360; 12 FED. REP. 476, note.