AMERICAN DIAMOND DRILL CO. *v.* SULLIVAN MACHINE CO.

*(Circuit Court, S. D. New York. July 21, 1884.*

PATENT LAW—LESCHOT PATENT STONE-DRILLS—ANNULAR STOCK—CONVEX BORING BAR.

    The intent of the patentee having been to apply for and obtain a patent for an annular stock, and not for a tool that did not leave a core, and the specification and the claim having been framed so as to describe the annular tool and no other, there was in the original patent, according to modern decisions, no error which had arisen through inadvertence, accident, or mistake, nor was there any defectiveness or insufficiency in the specification.

In Equity.

*Edmund Wetmore*, for plaintiff.

*E. T. Rice* and *Alvan P. Hyde*, for defendant.

SHIPMAN, J. In 1875 this court passed an interlocutory decree enjoining the defendant against the further infringement of the second claim of reissued letters patent No. 3,690, to Asahel J. Severance, as assignee of Rudolph Leschot, dated October 26, 1869, for an improved rock-drill. The original patent was issued to Leschot, and was dated July 14, 1863. The interlocutory decree was subsequently modified so as to enjoin against the infringement of the third claim of the reissue. An accounting has been had before a master, whose report now comes for confirmation, and the case is ready for a final decree.

Exceptions have been taken on both sides to the report, but all the exceptions are overruled, and the report is confirmed as containing a correct finding upon the questions which were referred to the master.

The important question is, whether, under the recent decisions of the supreme court, the second and third claims of the reissue are valid, and whether the final decree should not be for a dismissal of the bill. *Perkins* v. *Fourniquet,* 16 How. 82.

The invention, the second and existing reissue, and the infringing device were described in the opinion in the case of *American Diamond Rock Boring Co.* v. *Sullivan Machine Co.* 14 Blatchf. C. C. 119. The descriptive part of the original patent was substantially the same as the corresponding portion of the present reissue. The single claim of the original was as follows :

"The tool for boring or cutting rock, or other hard substances, composed of an annular or tubular stock or crown, armed with a series of diamonds, and operating substantially as herein specified."

The defendant's device had, instead of an annular boring head, a convex boring head armed with diamonds, and with two holes on its surface for the passage of water. By this device the entire portion of rock which is acted upon by the tool is abraded.

The second and third claims of the present reissue are as follows :

"(2) The row of cutting edges, $a^1$, when attached to a revolving boring head, so as to project beyond the circumference thereof, for the purposes specified.

"(3) In combination with a revolving and progressing boring head, having cutting points projecting beyond the periphery thereof, a hollow central drill-rod, through which the water is forced or passed."

The plaintiff insists that Leschot's actual invention was a revolving and progressing boring head armed with cutting points projecting beyond its periphery, so that they will cut a hole of larger diameter than that of the boring head and drill, and give a clearance, and a hollow drill-rod adapted by reason of its tubular form to permit the injection of water through the orifice in the boring head to wash away the *detritus;* and further, that Leschot described in the original patent the manner in which the diamonds were placed, so that a larger diameter was given to the hole than that of the boring head. Both these positions are true. The plaintiff then says that the original claim did not limit the patent to an annular boring head, but expressly included a tubular one, so that a convex head was included in the patent as originally granted, and therefore that the new claims of the reissue are not an expansion of the original. The plaintiff understands the words "annular or tubular" to mean that "the head may be annular, so as to have a core, or tubular, so as to permit the passage of water; and that in any case the head must be tubular, in the sense of a passage through it for the flow of water."

If the claim of the original patent did limit the invention as patented to an annular crown which would necessarily bore an annular

hole, having a central core, the plaintiff admits that the second and third claims of the reissue are an enlargement of the original patent, and, being contained in a reissue which was granted six years after the date of the original patent, are void.

The sole idea of Leschot when he obtained his original patent was that he had a tool which bored an annular groove, leaving a central core or kernel. He did not see that his invention was broader than his statement of it, and could be made very useful for channeling or cutting from the quarry blocks of marble or rock by making a series of holes which did not leave a core. But he presented his invention to the patent-office as one which had the single office, so far as its cutting character was concerned, of boring annular holes or grooves, and which was so constructed as to leave a central core within the hole or groove. He said, indeed, that the operation of his tool would be assisted by the injection of a stream of water through the tubular bar, for the purpose of washing out the *detritus*, but this sentence or paragraph makes it plain that he considered that the chief function of the tubular crown was to make an annular hole which should have a core. The stock must be annular, and, being annular, it could admit a stream of water through the hollow bar. The claim of the original patent was not intended to enlarge the descriptive part of the specification, but to describe compactly and tersely the very invention which he had previously described more at length, and the words "annular or tubular" in the claim are synonymous, and were intended to convey the same idea which the patentee had expressed in the descriptive part of the specification. Therefore, if the patent was to include a convex boring bar, and so include the actual invention, it must be reissued. But the intent of the patentee having been to apply and obtain a patent for an annular stock, and not for a tool which did not leave a core, and the specification and the claim having been framed so as to clearly, accurately, and precisely describe the annular tool and no other, there was in the original patent, according to the modern decisions, no error which had arisen through inadvertence, accident, or mistake, nor was there any defectiveness or insufficiency in the specification.

The interlocutory decree was right, according to the theories of the law which were generally accepted in 1875. It is wrong as the law now stands.

The decree dismissing the bill for the reason herein set forth will be settled, if desired, upon hearing.