**SENITHA v. ROBERTSON, Commissioner of Patents.**

No. 3002.

Circuit Court of Appeals, Fourth Circuit.

Nov. 17, 1930.

Curley C. Hoffpauir, of New York City, for appellant.

T. A. Hostetler, Sol. U. S. Patent Office, of Washington, D. C. (Charles B. Rugg, Asst. Atty. Gen., and J. F. Mothershead, of Washington, D. C., on the brief), for appellee.

Before PARKER, Circuit Judge, and GRONER and SOPER, District Judges.

GRONER, District Judge.

This is an appeal from a final decree entered by the District Court of Maryland on the 10th of April, 1929, setting aside a decree pro confesso, and dismissing the bill of complaint.

On February 11, 1928, pursuant to section 4915, Rev. St., as amended by Act March 2, 1927, § 11 (35 USCA § 63), appellant filed a bill of complaint on the equity side of the District Court of Maryland against the Commissioner of Patents praying for a decree directing the Commissioner to issue to him a patent in accordance with an application which had theretofore been filed in the Patent Office, and denied. The Commissioner is a resident of Maryland, and process was served upon him in the district of his residence on the 7th day of March, 1928. The summons, in accordance with Equity Rule 12 (28 USCA § 723), required him to file his answer, or other defense, on or before the twentieth day after service. No answer, or other defense, was filed, nor any appearance made within the twenty days. One day after the expiration of the time provided in the rule, the Commissioner appeared specially by the United States Attorney, and moved to quash the return of the summons on the ground that the Commissioner could not be sued except in the District of Columbia—the place of his official residence. Apparently no proceedings were had on this motion, and, at the October term, 1928, on motion of the plaintiff, and without notice, the district court entered an order taking the bill of complaint pro confesso. On October 11, following, the Commissioner filed a motion to set aside the decree pro confesso, principally because it had been obtained without notice and during the pendency of the plea to the jurisdiction, and plaintiff, after the expiration of thirty days from the entry of the default, applied for a final decree in accordance with Equity Rule 17 (28 USCA § 723), and, on April 10, 1929, after a full hearing by the court, a decree was entered setting aside the decree pro confesso and dismissing the bill of complaint, the court holding that it was without jurisdiction because the suit was not maintainable in the District of Maryland, but only in the District of Columbia.

There are two questions for decision: First, with relation to the action of the court in dismissing the bill; and, second, whether, in the event this was error, that part of the order setting aside the decree pro confesso should be approved and the case remanded for trial on the merits.

On the first question, both parties rely on the case of Butterworth v. Hill, 114 U. S. 128, 5 S. Ct. 796, 797, 29 L. Ed. 119. That was a suit in equity commenced against the Commissioner of Patents by citizens of Vermont in the District Court of Vermont. Summons was issued, and delivered to the Commissioner in Washington, who indorsed thereon his acceptance of service "to have the same effect as if duly served on me by

a proper officer," and, with the return of the summons, the Commissioner filed in the proceedings a paper writing in which, after reciting the nature and character of the suit, he stated: "I herewith return the subpoena, service accepted, and have to inform you that I shall not appear in defense in said bill." There was no further process on the Commissioner, and no appearance by him, but the Circuit Court concluded that, by his acceptance of service, he waived all objection to jurisdiction, and consented to be sued in Vermont, and this the Supreme Court found was error, holding that his indorsement on the summons amounted to no more than actual service by a proper officer in the District of Columbia, and that section 739, Rev. St. (now, as amended, section 51 of the Judicial Code [28 USCA § 112]), applied to suits brought under section 4915, Rev. St. (the patent statute), and therefore could be brought only in the district of which the defendant—the Commissioner—is an inhabitant, or is found. In concluding the opinion, the Chief Justice, speaking for the court, said: "In the letter which followed the indorsement of service, both counsel and the court were informed that the commissioner declined to appear. The parties proceeded, therefore, at their own risk, and without the consent of the defendant to the jurisdiction of the court. Such being the case, we are of opinion that the court was without jurisdiction, and had no authority to enter the decree which has been appealed from. The act of congress exempts a defendant from suit in any district of which he is not an inhabitant, or in which he is not found at the time of the service of the writ. It is an exemption which he may waive, but unless waived he need not answer, and will not be bound by anything which may be done against him in his absence."

Since the decision in the last-mentioned case, the statute (Jud. Code, § 51) has been amended by striking out the provision permitting suit in the district in which the defendant is found, and the present statute limits the proceeding to the district whereof the defendant is an inhabitant, and this raises the query—whether the residence of the Commissioner, for the purpose of suit, is in the state of which he is in fact a resident, or in Washington where he is officially stationed during his term of office.

▉ In the Butterworth Case, the Supreme Court declined to pass upon the contention that the courts of the District of Columbia had exclusive jurisdiction of suits against the Commissioner of Patents, and that question is still open, and this too, notwithstanding section 4915, Rev. St. has been substantially amended in other respects. But see Hammer v. Robertson, Commissioner (D. C.) 291 F. 656, in which Judge Garvin, of the Eastern District of New York, held that suit may be instituted only in the District of Columbia. But we do not think it necessary to pass upon the question in this case. There is no doubt that the statute (Judicial Code, § 51) is one prescribing venue and not limiting jurisdiction, and that the Commissioner may waive his right to object to suit in a district other than the one in which he is properly suable. We think it is equally true that waiver may be either by appearing generally and defending on the merits, or, as was the case in Commercial Co. v. Consolidated Co., 278 U. S. 177, 49 S. Ct. 98, 99, 73 L. Ed. 252, by remaining passive after service of summons, and neither answering nor appearing, but suffering judgment by default. In that case a corporation of Indiana brought a law action against a corporation of New Jersey in a federal District Court in Ohio. The action was founded on diversity of citizenship, and the process was served on an agent of the defendant in Ohio. The defendant not appearing, judgment went against it by default. It then appeared and moved that the judgment be vacated, and the action dismissed, because not brought within the district of its residence. The motion was denied, and on appeal the Supreme Court held that the provisions of the statute requiring that suit or action be brought in the district of which the defendant is an inhabitant is not jurisdictional, but merely accords a personal privilege respecting venue, which the person sued may assert or may waive (See Camp v. Gress, 250 U. S. 308, 311, 39 S. Ct. 478, 63 L. Ed. 997; Peoria & P. U. Ry. Co. v. U. S., 263 U. S. 528, 536, 44 S. Ct. 194, 68 L. Ed. 427) ; and that this privilege must be seasonably asserted, and unless so asserted is waived; and Mr. Justice Van Devanter, speaking for the court, said: "We are of opinion that the privilege is of such a nature that it must be asserted at latest before the expiration of the period allotted for entering a general appearance and challenging the merits. * * * To hold that such a privilege may be retained until after the suit has reached the stage for dealing with the merits and then be asserted would be in our opinion subversive of orderly procedure and make for harmful delay and confusion."

▉ In the instant case, as we have already indicated, summons was served on the Commissioner in person in the district in which

the suit was brought, and required him to answer or plead in twenty days. He let the time expire, as the result of which plaintiff was entitled to a default decree. Equity Rule 16 (28 USCA § 723). It was thereafter too late, except upon such terms as the court should impose, to defend on the merits, and manifestly, therefore, too late to assert his privilege to refuse to be sued in Maryland, and the court, therefore, was thereafter as fully clothed with jurisdiction to proceed as though the Commissioner had formally consented to be sued there. The difference between this case and the Butterworth Case in this respect is that in the Butterworth Case the Commissioner, as the Supreme Court remarks, informed in apt time both counsel and the court that he declined to appear, and this declination the Supreme Court seems to have regarded as in all respects equivalent to a plea to the jurisdiction. Furthermore, the acceptance of service in the Butterworth Case, by express provision, was to have the same effect as if the process had been served by an officer. As the process was issued in Vermont, service by an officer in Washington would have been absolutely void and of no effect, and the acceptance was no more efficacious. It did not result, as did the service of process here, in bringing the defendant into court. We are therefore of opinion that, under the circumstances stated, the Commissioner, by his failure to appear, waived his privilege to object to the jurisdiction of the District Court, and that, in these circumstances, the decree of the District Court dismissing the bill for lack of jurisdiction was error. But we are also of opinion that the action of the District Court in setting aside the default judgment was, under the circumstances, entirely proper.

■ Section 4915, as amended by Act of March 2, 1927, § 11, 44 Stat. 1335 (35 USCA § 63), provides that, whenever the application for patent is refused by the Commissioner, the applicant may appeal to the Court of Appeals of the District of Columbia, or may within six months file a bill in equity, and the court in which such suit is brought "may adjudge that such applicant is entitled, according to law, to receive a patent for his invention, as specified in his claim, or for any part thereof, as the facts in the case may appear."

But we do not construe the provisions of this act to mean that a federal court, having jurisdiction, may without proof or hearing on the merits direct or authorize the issuance of a patent which has been refused

in the regular course by the patent office. As was said by the Supreme Court in Hill v. Wooster, 132 U. S. 693, 698, 10 S. Ct. 228, 230, 33 L. Ed. 502: "It necessarily follows that no adjudication can be made in favor of the applicant, unless the alleged invention for which a patent is sought is a patentable invention." In other words, it becomes the duty of the court in a suit of this character, even after default, before it may foreclose the government, to pass upon the merits. This was held in Gandy v. Marble, 122 U. S. 432, 7 S. Ct. 1290, 30 L. Ed. 1223, which was a case originally brought in the Supreme Court of the District of Columbia, in which there was service of process, but no appearance by the Commissioner. After the entry of the default decree, the case was reopened on motion of the government, and the default decree set aside on the ground of abandonment for laches, and this dismissal was sustained, the Supreme Court holding that a court of equity, taking cognizance of a bill under section 4915, is only authorized to adjudge whether or not the applicant is entitled, according to law, to receive a patent, and also in effect holding that the court cannot adjudge the applicant entitled to the patent until sufficient facts are shown to justify that decision. In Morgan v. Daniels, 153 U. S. 120, 124, 14 S. Ct. 772, 773, 38 L. Ed. 657, the Supreme Court held that the proceeding under section 4915 "is something more than a mere appeal. It is an application to the court to set aside the action of one of the executive departments of the government." And in Davis v. Garrett (C. C.) 152 F. 723, it was held that the complainant is not entitled to a decree authorizing the issuance to him of the patent on default by the commissioner, but that even in such default he must go forward and establish the allegations of his bill by satisfactory proof.

■ In this case, as we have already seen, the Commissioner appeared one day late, and moved for a dismissal of the proceedings on the ground that the court was without jurisdiction. While this motion was pending, and without notice to the commissioner, or to the United States attorney, plaintiff obtained the default decree, which the court subsequently set aside. It would have been a more orderly proceeding if counsel for plaintiff had then and there set down the jurisdictional question, filed late though it may have been, before asking for the default decree, but this was not done, but at a later date, and after the default decree had been entered without notice, the court declined to follow the decree

pro confesso by a final decree, but, in consideration of the plea to the jurisdiction, set aside the default, and dismissed the bill. This action of the lower court in setting aside the default we think was clearly right, not because the court was without jurisdiction, but because, in a case of this character, as we have already explained, a judgment in default, and without a hearing on the merits, ought not to be permitted. In this case, as we have seen, the Commissioner filed a plea to the jurisdiction which he believed to be a sufficient defense. The court, after full hearing and at the same term, took under advisement plaintiff's application for a final decree and the Commissioner's motion to dismiss, and the matter was thereafter in the breast of the court until finally determined. It was thereafter entirely within the power of the court, when advised of the action to be taken, to allow the Commissioner to file his answer upon such terms as the court might impose. We think, therefore, it is clear the court had ample authority to take such action with relation to the default decree as was proper, and we think it equally true that no final decree should in any circumstances have been entered until the question of jurisdiction was disposed of. Blythe v. Hinckley (C. C.) 84 F. 228; Id. (C. C. A.) 111 F. 827; Fourniquet v. Perkins, 16 How. 82, 14 L. Ed. 854; and only then after hearing on the merits with the right to the government, acting through the Commissioner, to appear in opposition.

In these circumstances, the decree of the District Court, in so far as it dismissed the bill, is reversed, and in so far as it set aside the interlocutory decree pro confesso, is affirmed, and the case is remanded to the District Court, with directions to reinstate the case with leave to the Commissioner of Patents to answer the bill within such time as the court may allow.

Affirmed in part; reversed in part.