**VAN STEENE v. MARSHALL, Deputy Com'r of Compensation Dist. et al.**

District Court, D. Oregon.

Sept. 20, 1939.

Wm. P. Lord and T. Walter Gillard, both of Portland, Or., for complainant.

Carl C. Donaugh, U. S. Atty., and M. B. Strayer, Asst. U. S. Atty., both of Portland, Or., for defendant William A. Marshall.

Harry L. Raffety and David C. Pickett, both of Portland, Or., for defendant Fireman's Fund Insurance Company.

McCOLLOCH, District Judge.

Counsel for plaintiff pose the question whether a Deputy Commissioner under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., may consider medical expert testimony of the type held inadmissible in this Circuit before a court and jury. In the present case, in accordance with what I understand to be the general custom, the Deputy Commissioner asked the medical witnesses for their opinion as to the percentage of loss of function. Since the percentage of loss of function is the ultimate fact in issue, such opinions not being admissible before a court and jury, under United States v. Stephens, 9 Cir., 73 F.2d 695, followed by United States v. McCreary, 9 Cir., 105 F.2d 297, counsel contend that these opinions should not have been sought or considered by the Deputy Commissioner.

Albert E. Stephan, member of the bar of this court, discussed the question: "Extent to Which Fact-Finding Boards Should Be Bound by Rules of Evidence" before the annual meeting of the American Bar Association in 1938. Mr. Stephan's address, which was the prize winning essay for that year, pursuant to the terms of the bequest of the late Judge Ross, will be found in the August, 1938, number of the A. B. A. Journal, at page 630. The article cites abundant authorities and contains, as well, valuable conclusions of the author.

█ While I confess that a seeming anomaly arises where judges and juries may not hear testimony that may be heard by an administrative functionary, I am not prepared to impose the restrictions as to this type of testimony on the administrative arm of the Government that the decisions referred to impose on the judicial branch. [1]

█ Second point. The language of the Deputy Commissioner's award indicates that he was intending to apply the formula

---

[1] Section 23(a) of the Longshoremen's and Harbor Workers' Compensation Act reads as follows: "In making an investigation or inquiry or conducting a hearing the deputy commissioner shall not be bound by common law or statutory rules of evidence or by technical or formal rules of procedure, except as provided by this chapter; but may make such investigation or inquiry or conduct such hearing in such manner as to best ascertain the rights of the parties. Declarations of a deceased employee concerning the injury in respect of which the investigation or inquiry is being made or the hearing conducted shall be received in evidence and shall, if corroborated by other evidence, be sufficient to establish the injury." Tit. 33 U.S. C.A. § 923(a).

prescribed in subdivision (c) of Section 10 of the Act, 33 U.S.C.A. § 910(c), which the Circuit Court of Appeals of this Circuit indicated in Marshall v. Andrew F. Mahoney Co., 56 F.2d 74, was the correct formula for intermittent employment, such as certain classes of longshoreing. See also Hartford Accident & Indemnity Co. v. Hoage, 66 App.D.C. 154, 85 F.2d 411.[2] It does not appear, however, that the Deputy Commissioner gave proper weight [3] "to the previous earnings * * * of other employees of the same or most similar class", and for that reason the award is set aside for further proceedings.

2 Defendant insurer's brief concedes that "the earning capacity of Mr. Van Steene should be determined by the application of Subdivision (c)."

The Subdivision reads: "Sec. 10 [§ 910] * * * (c) If either of the foregoing methods of arriving at the annual average earnings of an injured employee can not reasonably and fairly be applied, such annual earnings shall be such sum as, having regard to the previous earnings of the injured employee and of other employees of the same or most similar class, working in the same or most similar employment in the same or neighboring locality, shall reasonably represent the annual earning capacity of the injured employee ·in the employment in which he was working at the time of the injury."

3 During the year prior to the accident, claimant worked but 33½ days. For this labor he received $114.66. The Deputy Commissioner found claimant's average annual earnings at the time of his injury to be $1,245.92. Obviously, the Deputy Commissioner arrived at the sum stated by the following formula:

$114.66 ÷ 33½ da. = $3.423 (per day) × 7 (days per week) = $23.96 × 52 weeks = $1,245.92

(The award was $15.97 per week, being 2/3 of $23.96) Thus, it appears the Deputy Commissioner based his determination solely on the claimant's earnings. He gave *no* weight "to the previous earnings * * * of other employees of the same or most similar class", as to which there was abundant testimony. In altogether disregarding the earnings of others, the Deputy Commissioner committed a palpable error of law.