**VOGEL v. CROWN CORK & SEAL CO., Inc.**

No. 729.

District Court, D. Maryland.

Dec. 23, 1940.

Edwin F. Samuels, of Baltimore, Md., for plaintiff.

Albert E. Donaldson, and Hershey, Donaldson, Williams & Stanley, all of Baltimore, Md., for defendant.

CHESNUT, District Judge.

The defendant's motion to dismiss the complaint in this case raises a question of venue jurisdiction. The complaint, based on section 63 of Title 35, U.S. C.A., seeks to obtain a patent by an equity proceeding, after final rejection· of the patent claim in the United States Patent Office. Section 63 of Title 35, U.S.C.A., does not specify the particular district court in which the suit may be brought except in the general language of "the court having cognizance thereof"; but there are numerous federal decisions that the applicable venue statute is section 112 of Title 28, U. S.C.A., which provides that the suit must be brought in a district of which the defendant "is an inhabitant". Butterworth v. Hill, 114 U.S. 128, 5 S.Ct. 796, 29 L.Ed. 119; Senitha v. Robertson, 4 Cir., 45 F.2d 51, 53; Canon v. Robertson, D.C.Md., 32 F.2d 295; Arbetter Felling Machine Co. v. Lewis Blind Stitch Machine Co., 7 Cir., 230· F. 992, 993. It is still the generally accept-

ed judicial view that a corporation is an inhabitant of only that state where it is incorporated; but it is well established that the venue provision of section 112, Title 28 U.S.C.A., is a personal privilege of the defendant, and therefore may be waived by him. Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437.

In the instant case the plaintiff's contention is that the defendant has waived the particular venue provision and has consented to be sued in Maryland, by compliance with the foreign corporation laws of the State. The plaintiff is a citizen of New Jersey and the defendant is a corporation of the State of New York, but it is alleged in the complaint and not disputed, that the defendant maintains "its main manufacturing plants, its business offices, and its banking facilities in Baltimore City in said State (Maryland) and also having in said City and State a local officiating resident officer of the corporation, namely, an Assistant Treasurer, Charles H. Griesacker, residing at 313 Wendover Road, Baltimore, Maryland"; and it is further alleged and admitted that the defendant has qualified and registered to do business in the State of Maryland under the Annotated Code of Maryland (Flack 1939) Art. 23, §§ 119, 120, and has designated The Corporation Trust, Inc., 10 Light Street, Baltimore, as its resident agent for and within said State as required by said statute. Section 119(a) of Article 23 of the Annotated Code of Maryland (Flack, 1939) reads as follows:

"Every foreign corporation doing intrastate or interstate or foreign business in this State *shall be subject to suit in this State* by a resident or *non-resident* of this State on any cause of action arising out of such business *and on any other cause of action*." (Italics supplied)

And section 120(a) provides "Service of process upon any such resident agent of a foreign corporation shall bind such foreign corporation in any action in which it is subject to suit in this State". It is also a matter of common knowledge in Baltimore City that the defendant, the Crown Cork & Seal Company, Inc., is one of Baltimore's chief industries. An exhibit to an affidavit in the case indicates the extent of its business activities here in the multiple listings of its main office and branch telephones.

In the recent case of Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, the Supreme Court said that compliance by the defendant with the provisions of the New York Foreign Corporation Law constituted a consent by the defendant to be sued in the United States District Court for New York and was a waiver of the personal privilege of the defendant to be sued only in the state of its incorporation under the general venue statute, section 112, Title 28 U.S.C.A. See also Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., 309 U.S. 4, 7, 60 S.Ct. 215, 84 L.Ed. 537; Dehne v. Hillman Investment Co., 3 Cir., 110 F.2d 456; Oklahoma Packing Co. v. Oklahoma Gas & Elec. Co., 10 Cir., 100 F.2d 770, 775. The instant case is distinguishable if at all from the Neirbo case, only on the ground that in the latter the general jurisdiction of the district court was based on diverse citizenship and was therefore concurrent with the State courts, while in the present case the general jurisdiction arises under the patent statutes enacted by Congress, where the jurisdiction of the federal courts is exclusive. See 28 U.S.C.A. § 371(5).

The defendant contends that this distinction is of importance and compels a different result from that reached in the Neirbo case. Upon consideration, however, I have concluded that the Neirbo case in principle rules the instant case. I reached a similar conclusion in the recent case in this court of Bennett v. Standard Oil Co. of New Jersey, 33 F.Supp. 871, where there was a suit on the admiralty side of the court for personal injuries under the Jones Act, 46 U.S.C.A. § 688. In view, however, of the importance of the procedural matter presented, I have given renewed consideration to the point now made. In my view the procedural problem presented is fundamentally the same here as in the Neirbo case. The question is purely one of a deducible inference of fact, that is, whether the consent to be sued as expressed in the defendant's compliance with the Maryland foreign corporation law, in connection with the great extent of its business activities within the state, is a consent to be sued in the federal district court for Maryland as well as in the Maryland state courts. It will be noted that the Maryland statute is in the broadest possible terms and the effect of compliance therewith is that the foreign corporation, the defendant in this case, *has consented to be sued in Maryland for any cause of action.* In Ex parte

Schollenberger, 96 U.S. 369, 24 L.Ed. 853, compliance by the defendant with the similar foreign corporation statute of Pennsylvania was held to justify suit in the federal court for that State. At page 376 of 96 U.S., 24 L.Ed. 853, Chief Justice Waite said:

"It was insisted in argument that the statute confines the right of suit to the courts of the State; but we cannot so construe it. * * * While the Circuit Court may not be technically a court of the Commonwealth, it is a court within it; and that, as we think, is all the legislature intended to provide for.

"States cannot by their legislation confer jurisdiction upon the courts of the United States, neither can consent of parties give jurisdiction when the facts do not; but both State legislation and consent of parties may bring about a state of facts which will authorize the courts of the United States to take cognizance of a case."

The above cited cases of Neirbo Co. v. Bethlehem Shipbuilding Corp., Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., and Dehne v. Hillman Inv. Co., are to the same effect. See also Gorgone v. Maryland Casualty Co., D.C., 32 F.Supp. 150, 152.

The procedural problem here presented is not one of conflict between federal and state judicial power or jurisdiction, but only the application of the general federal venue statute. Whether a particular set of facts constitutes a waiver of the personal privilege set up in the venue statute does not seem to be dependent on whether the jurisdiction of the federal court is concurrent with that of the state or exclusive thereof. In either case it may be waived; and in both cases the question is whether it has in fact been waived. Upon the principle of the Neirbo case I conclude that it has been waived in this case.

The defendant places much emphasis upon the sentence in the Neirbo case, 308 U.S. page 171, 60 S.Ct. page 156, 84 L.Ed. 167, 128 A.L.R. 1437, reading "The consent, therefore, extends to any court sitting in the state which applies the laws of the state". From this it is argued that the Neirbo case applies only where the suit is one involving state law, and therefore is not applicable where the federal jurisdiction is exclusive. I do not interpret the particular sentence as so limiting the general principle of the case. Moreover the federal district court of course does apply the state law in proper cases therefor. And in Dehne v. Hillman Inv. Co., supra, the principle of the Neirbo case was held applicable where the suit in the federal district court was based, not on diversity of citizenship, but on the banking laws of Congress.

In Butterworth v. Hill, 114 U.S. 128, 5 S.Ct. 796, 29 L.Ed. 119, and Senitha v. Robertson, 4 Cir., 45 F.2d 51, it was held that the application of the general venue statute with respect to a suit under 35 U.S.C.A. § 63, where the federal jurisdiction is exclusive, could be waived by the defendant. See also the comment by Circuit Judge Clark in writing the opinion in the Neirbo case for the Second Circuit, 103 F. 2d 765, 768. A decision in this court in 1882 by Judge Morris is very much in point here. Carstairs v. Mechanics' & Traders' Ins. Co., C.C., 13 F. 823. There a foreign insurance corporation had designated an agent for service of process in Maryland under the state law as it then stood, which, however, did not authorize the state courts to take jurisdiction of suits by non-residents against a foreign corporation, even though doing business within the state, unless the cause of action arose in Maryland. In a suit by a citizen of Pennsylvania against a New York insurance corporation, where the cause of action did not arise in Maryland, in the Circuit (now district) Court for Maryland, a motion to dismiss was made on the ground that the Maryland Courts would not have had jurisdiction and therefore service upon the appointed agent of the foreign corporation could not be properly considered a consent by the defendant to be "found" (or to be sued) within the state. Judge Morris overruled the motion to dismiss on the authority of the Schollenberger case, supra. It will be noted that the Carstairs case was one not within the jurisdiction of the state court although it was within the jurisdiction of the federal court in Maryland, but nevertheless the appointment of an agent to receive process within the State, subjected the defendant to the venue jurisdiction of the federal court, under the federal statute which then was the same as in the Schollenberger case. As Judge Morris there said (13 F. page 825):

"In that case the cause of action was one of which the state courts of Pennsylvania would also have had jurisdiction, and it must be conceded that this case cannot be distinguished from it unless by the fact

that the cause of action here is one which the state courts of Maryland could not entertain."

The Schollenberger case was decided under the venue statute when it permitted a defendant to be sued in a district of which he was an inhabitant, or in which he was "found". But the Neirbo case clearly holds that the change in the venue statute in 1887, by omitting the "found" alternative, did not destroy the consent to be sued resulting from compliance with the state statute.

 The principal object of the general venue statute is to serve the reasonable convenience of the defendant. It is not pretended that there will be any real inconvenience to the defendant in defending the present case in this district. Its principal business and executive organization is here, and in fact in this case the patent counsel of both parties are Washington, D. C. lawyers. The extent of the defendant's activities in this State clearly warrant the view that it is subject to suit here, unless the venue statute prevents it. International Harvester Co. v. Kentucky, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479. The defendant urges that to hold it to a suit here would in principle also subject it to similar suits in any of the numerous states where it has qualified to do business, and that in other cases, if not in this, real inconvenience may result to it, in being required to defend possible federal suits in states remote from its place of incorporation or principal place of business. This does not seem any great hardship as the foreign corporation would anyhow be subject there to suits in the state courts, and also in the federal court in a proper case where the plaintiff is a resident of the federal district. 28 U.S.C.A. § 112. Moreover the Neirbo case certainly indicates that the immunity of foreign corporations from suits in federal courts in states where the corporations are carrying on substantial business activities ought to be strictly limited. In this respect I still adhere to the view expressed in the Bennett case, 30 F.Supp. 871, 874. But apart from this we are dealing here with a particular set of facts only, and any other case that may arise will necessarily be determined on the facts therein developed.

We are not here concerned with the venue under federal statutes other than section 112 of Title 28 U.S.C.A. In many cases Congress has provided specifically in what districts only particular suits may be brought, and where such venue statutes are jurisdictional, and not merely a privilege to a party for his convenience, it is not doubted that the statutes must be strictly followed.

The motion to dismiss is overruled.